TIMOTHY M. BURGESS
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>            Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the<br>UNITED STATES OF AMERICA,<br><br>            Defendants. | Case No. 3:01-cv-333-JKS<br><br>**DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND SPECIAL JURY VERDICT FORM** |

Attached are Defendant's Proposed Jury Instructions and Special Jury Verdict Form.

Respectfully requested this 10th day of January, 2006, in Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2006,
a copy of the foregoing Defendants' Proposed
Jury Instructions and Special Jury
Verdict Form was served electronically on
Yale H. Metzger.

via US mail on

LeRoy E. DeVeaux
DeVeaux & Associates
701 W. 41st Avenue, Suite 201
Anchorage, AK 99503-6604


s/ Richard L. Pomeroy

Defendants' Proposed Jury Instructions
and Special Jury Verdict Form
SHEPHERD v. JAKEWAY, et al.
Case No. 3:01-cv-333-JKS

2

## 11.1 VIOLATIONS OF FEDERAL CIVIL RIGHTS—
## ELEMENTS AND BURDEN OF PROOF

On the plaintiff's claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. the acts or omissions of the defendant were intentional;

2. the defendant acted under color of law; and

3. the acts or omissions of the defendant were the cause of the deprivation of the plaintiff's rights protected by the Constitution or laws of the United States.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

## 11.2 UNDER COLOR OF LAW DEFINED

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

### Comment

For cases interpreting color of law, see *West v. Atkins*, 487 U.S. 42, 49 (1988) (requiring that the person be acting pursuant to a power or privilege possessed by virtue of state law, such that the person's conduct is fairly attributable to the state); *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir.1989) (en banc) (holding that private parties may act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights).

## 11.5 UNREASONABLE SEARCH—GENERALLY

The plaintiff claims that the defendant intentionally deprived the plaintiff of the Fourth Amendment constitutional right to be free from an unreasonable search.

The plaintiff has the burden of proving by a preponderance of the evidence that the search was unreasonable.

### Comment

Warrantless searches are presumptively unreasonable. *See Horton v. California*, 496 U.S. 128, 133 n. 4 (1990). *See also United States v. Bulacan*, 156 F.3d 963, 973 (9th Cir.1998) (finding that a legitimate administrative search for concealed weapons upon entering a federal building was rendered unreasonable where defendant's "fanny pack" was also searched for drugs); *Marks v. Clarke*, 102 F.3d 1012, 1029 (9th Cir.1996) (finding that a search was overly broad where officers searched every person in plaintiffs' home, including children, notwithstanding the lack of particularized suspicion of criminal activity with respect to each person); *Franklin v. Foxworth*, 31 F.3d 873, 876–77 (9th Cir.1994) (finding that the manner in which a search was executed was unreasonable, despite the existence of probable cause, where officers removed a sick and semi-naked man from his bed and forced him to sit, handcuffed and exposed, in another room for two hours, rather than returning him to bed after the search of his bedroom was completed).

## 11.6 UNREASONABLE SEARCH—EXCEPTIONS TO WARRANT REQUIREMENT—SEARCH INCIDENT TO LAWFUL ARREST

A search is reasonable, and a search warrant is not required, if a search is conducted incident to a lawful arrest.

An arresting officer may search only the person arrested and the immediate area within which that person might gain possession of a weapon or might destroy or hide evidence.

### Comment

"[T]he standard for a valid 'search incident to arrest' is: '[g]iven a lawful arrest, it is enough that the search ... be roughly contemporaneous with the arrest.' " *United States v. Tank,* 200 F.3d 627, 631 (9th Cir.2000) (quoting *United States v. Moorehead,* 57 F.3d 875, 878, (9th Cir.1995)).

It is reasonable for a police officer to search an arrestee's person and the area "within [the arrestee's] immediate control," *i.e.,* "the area from within which [the arrestee] might gain possession of a weapon or destructible evidence." *Chimel v. California,* 395 U.S. 752, 763 (1969).

The search incident to arrest exception permits the search of a vehicle or room after the suspect has been removed from the vehicle or room. *See Wyoming v. Houghton*, 526 U.S. 295 (1999) (holding that a police officer with probable cause to search a car can inspect passenger's belongings found in a car that have the capacity to conceal the object of the search); *United States v. McLaughlin,* 170 F.3d 889, 893 (9th Cir.1999) (holding that a search of passenger compartments and containers in a vehicle is a permissible search incident to arrest even though defendant was removed from the scene more than five minutes before the search); *United States v. Hudson,* 100 F.3d 1409, 1420 (9th Cir.1996) (holding that search of a gun case in defendant's home was a permissible search incident to arrest even though defendant had been arrested and removed from the home three minutes before the search).

## 7.1 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The [mental,] [emotional] pain and suffering experienced [and which with reasonable probability will be experienced in the future].

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Comment**

If liability is not disputed, this instruction should be modified accordingly.

## 7.3 DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

### Comment

The trier-of-fact is to mitigate damages by discounting awards to present value when there has been received into evidence appropriate discount rates. *Passantino v. Johnson & Johnson Consumer Products, Inc.* 212 F.3d 493, 509 (9th Cir.2000).

## 7.6 NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Comment**

Nominal damages are not available in every case. The court must determine whether nominal damages are permitted. *See, e.g., Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir.1994) (Section 1983 action), *cert. denied*, 513 U.S. 1148 (1995); *Parton v. GTE North, Inc.*, 971 F.2d 150, 154 (8th Cir.1992) (Title VII action).

Regarding cases brought under 42 U.S.C. § 1983, see *George v. City of Long Beach*, 973 F.2d 706 (9th Cir.1992); *Floyd v. Laws*, 929 F.2d 1390 (9th Cir.1991).

## 7.5 PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who [performs] [fails to perform] it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

### Comment

Punitive damages are not available in every case. For example, punitive damages are not available against municipalities, counties, or other governmental entities unless expressly authorized by statute. *City of Newport, et al. v. Fact Concerts, Inc., et al.*, 453 U.S. 247, 259-71 (1981). Punitive damages may, however, be available against governmental employees acting in their individual capacities. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978); *City of Newport,* 453 U.S. at 254. In diversity cases, look to state law for an appropriate instruction.

Regarding when punitive damages may be awarded in Title VII actions, *see Kolstad v. American Dental Assn.*, 527 U.S. 526 (1999); *Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1026-27 (9th Cir.2000). *See also Passantino v. Johnson & Johnson Consumer Products*, 212 F.3d 493, 514 (9th Cir. 2000).

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a (b)(3). Regarding the amount of damages available under Title VII, *see Gotthardt v.*

*National Railroad Passenger Corp.*, 191 F.3d 1148 (9th Cir.1999). The cap does not apply to front pay and back pay. *See Pollard v. E.I. du Pont de Nemours & Company*, 532 U.S. 843 (2001). *See also Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1020 (9th Cir.2000) (includes the definition of front pay and back pay); Introductory Comment to Chapter 12.

If punitive damages are available, and evidence of defendant's financial condition is offered in support of such damages, the judge may be requested to instruct the jury during trial and/or at the end of the case about the limited purpose of such evidence. See Instructions 1.5 (Evidence for Limited Purpose), 2.10 (Limited Purpose Evidence), and the bracketed material in 3.3 (What Is Not Evidence).

Regarding oppressive conduct, see *Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005) (holding it was error not to instruct on oppressive conduct as an alternative basis for punitive damages).

Regarding degree of reprehensibility and punitive damages generally, *see BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); see also *Morgan v. Woessner*, 997 F.2d 1244,1256 (9th Cir. 1993) ("*Haslip* said that instructions should be fashioned to describe the proper purposes of punitive damages so that the jury understands that punitive damages are not to compensate the plaintiff, but to punish the defendant and to deter the defendant and others from such conduct in the future."). *See State Farm Mut. Auto. Ins. Co. v Campbell,* 538 U.S. 408 (2003), referring to *Gore and Haslip* and stating that "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution, than awards with ratios in range of 500 to 1, or, in this case, of 145 to 1. (citation omitted) . . .. Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those we have previously upheld may comport with due process where 'a particularly egregious act has resulted in only a small amount of economic damages.'" (*citing Gore*, 517 U.S. at 582.) For an application of *the State Farm* ratio principles in the context of a 42 U.S.C. § 1981 case, see *Bains LLC v. Arco Products Co.,* 405 F.3d 764 (9th Cir. 2005).

*Approved 9/2005*

## ADDITIONAL JURY INSTRUCTIONS

There are two defendants in this case, Milton Jakeway and the United States of America. Each are being tried separately. You, the Jury, are tasked with determining whether Mrs. Shepherd is entitled to recover monetary damages from Mr. Jakeway only. I, as the Judge, will determine whether Mrs. Shepherd should recover money from the U.s. on her claim that the U.S. intentionally inflicted emotional distress.

# SPECIAL JURY VERDICT FORM

We, the jury in the above-entitled case, find the following special verdict submitted to us in the above-captioned case:

**(1)    Did the defendant Milton Jakeway act reasonably in relying on his supervisor's approval to view the videotape?**

**Answer "yes" or "no."**

**Answer: _____**

If your answer to Question No. 1 was "no," answer Question No. 2.

However, if your answer to Question No. 1 was "yes", do not answer Question No. 2.

**(2)    Was defendant Milton Jakeway's viewing the videotape a legal cause of injury to the plaintiff?**

**Answer "yes" or "no."**

**Answer: _____**

If your answer to Question No. 2 was "no", answer Question No. 4.

If your answers to both Question No. 1 was "no" and your answer to Question No. 2 was "yes", write the name of defendant in one of the spaces provided in Question No. 7.

If you answered "yes" to Question No. 1 or "no" to Question No. 2, you should not have listed any names in the spaces provided in Question No. 7. If so, you are finished with your deliberations, and you must not answer any of the other questions on this form. Your foreperson must sign and date this verdict form.

**(3)     Was the videotape marked, as plaintiff claims, when Mr. Jakeway viewed it?**

  **Answer "yes" or "no."  Answer: _____**

**(4)     Was plaintiff negligent?**

  **Answer "yes" or "no."  Answer: _____**

If your answer to Question No. 4 was "no," do not answer Question No. 5.  Answer Question No. 6.

However, if your answer to Question No. 4 was "yes," you must now answer Question No. 5.

Defendants' Proposed Jury Instructions
and Special Jury Verdict Form
SHEPHERD v. JAKEWAY, et al.
Case No. 3:01-cv-333-JKS   14

**(5)    Was the negligence of plaintiff a legal cause of damage to the plaintiff?**

**Answer "yes" or "no."  Answer: _____**

If your answer to Question No. 5 was "no", answer Question No. 6.

If your answers to both Question No. 4 and Question No. 5 were "yes", write the plaintiff's name in one of the spaces provided in Question No. 7.  Then answer Question No. 8.

**(6)    The instructions to the previous questions on this form told you to enter names in the spaces in Question No. 7 depending on your answers to certain questions.  What are the total damages, if any, to the plaintiff that were legally caused by the negligence of all of the persons who you have listed in the spaces provided in Question No. 7?**

**Past non-economic loss :**

**$ _____**

**Future non-economic loss :**

**$ _____**

**TOTAL :**

**$ _____**

If the total amount entered in response to Question No. 6 is $0, do not answer any further questions. The forepserson should date and sign the verdict. However, if you have stated any sum of money in answer to Question No. 6, then answer Question No. 7.

**(7) The instructions to the previous questions on this form told you to enter names in the spaces below, depending on your answers to certain questions. For each name that you entered in one of the spaces below, you must determine the percentage of fault for the damages identified in your response to Question No. 6. The total <u>must</u> be equal to 100%. Do not add any additional names, and do not assign percentages of fault to anyone other than the names you entered below in response to the questions on this form.**

**The percentage of fault assigned to the plaintiff should include any negligence and any failure to avoid damages.**

**In determining the percentage of fault for each name on the list, you must consider the nature of their conduct, and the extent of the causal relationship between the conduct and the damages that you have identified in response to Question No. 6.**

**Name** _____  \_\_\_**%**

**Name** _____  \_\_\_**%**

**TOTAL**                          <u>100</u> **%**

**(8)　You must now determine whether the plaintiff is entitled to punitive damages. For each <u>defendant</u> whose name you previously entered in one of the spaces provided in Question 7, you must anser the following question: Is the plaintiff entitled to an award of punitive damages from that defendant? Answer "yes" or "no."**

Dated at _____, Alaska, this \_\_\_ Day of _____, _____,

_____

Foreperson of the Jury

Defendants' Proposed Jury Instructions
and Special Jury Verdict Form
SHEPHERD v. JAKEWAY, et al.
Case No. 3:01-cv-333-JKS

17