TIMOTHY M. BURGESS
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>      Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the<br>UNITED STATES OF AMERICA,<br><br>      Defendants. | Case No. 3:01-cv-333-JKS<br><br>**FIRST SUPPLEMENTAL TRIAL BRIEF** |

  From the trial briefs that were submitted, the parties clearly disagree over the issues to be determined at trial.  Plaintiff appears to assume that liability has been determined by the Court and trial is solely on the issue of damages.  However, as this Court's Order at Docket No. 39 stated, there remains the question of fact for the jury to determine: "whether Jakeway was objectively reasonable when he viewed the videotape is a question for the trier of fact."  Docket No. 39 at 18.  If the trier of fact finds in the affirmative, then Defendant Jakeway is entitled to qualified immunity and dismissal of the case brought by Plaintiff.

  Qualified immunity is available as an absolute defense.  "Qualified immunity shields [officers] from suit for damages if 'a reasonable officer could have believed [his/her actions] to be lawful, in light of clearly established law and the information the officers possessed.'"  Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 536 (1991) (quoting Anderson v. Creighton, 483

U.S. 635, 641, 107 S.Ct. 3034, 3040 (1987)). In this case, after cross motions for summary judgment, the Court found a triable fact as to whether Jakeway's actions were objectively reasonable. "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." Saucier v. Katz, 533 U.S. 194, 205, 121 S.Ct. 2151 (2001). The Court emphasized that it is often difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation that he faces. This is why "all but the plainly incompetent or those who knowingly violate the law" have immunity from suit; officers can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. Id. at 202.

Thus, an initial finding for the jury, as reflected in Defendant's Special Verdict Form, is whether Defendant Jakeway acted reasonably. If the jury finds that he did, their task is complete.          Plaintiff's trial brief contains some factual errors. She erroneously contends that it is undisputed that she suffered "severe emotional distress" when she learned that Defendant viewed the videotape. Defendants' expert disputes that contention. Another minor discrepancy is Plaintiff's assertion that she learned that the videotape had been viewed when she read the police report; the testimony suggests that she was first called by her angry husband, who brought the report home for her to read. In addition to these factual errors, Defendant will object to any reference to Defendant Jakeway's exercise of his rights in viewing adult oriented material. Whether or not Jakeway has viewed, rented, or owned adult oriented material is not relevant to the issues of this case - whether he acted reasonably in viewing the Shepherd videotape under the circumstances.

Plaintiff has offered some objectionable voir dire questions. Not surprisingly, the way the questions are phrased are calculated to prejudice a jury against the Defendants. The subject matter areas of the inquiries are, of themselves, largely valid areas of inquiry. The trial court must conduct voir dire in a manner that permits informed exercise of both peremptory challenges and challenges for cause. While questions which merely invite express admission or denial of prejudice are a necessary part of voir dire, such general inquiries often fail to reveal relationships or interest of jurors which may cause unconscious or unacknowledged bias and for this reason a more probing inquiry is usually necessary. Plaintiff's questions 5, 7, and 8 provide a prelude to

SHEPHERD v. JAKEWAY, et al.
Case No. 3:01-cv-333-JKS                         2

Plaintiff's opening argument, but are not phrased to provide the probing inquiry necessary of voir dire.

The potential evidentiary issues appear to be such trial admissibility issues as proper foundation and relevancy.

Respectfully requested this _____ day of January, 2006, in Anchorage, Alaska.

TIMOTHY M. BURGESS
United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on January ___, 2006,
a copy of the foregoing FIRST SUPPLEMENTAL
TRIAL BRIEF was served electronically on
Yale H. Metzger and

via US mail on

LeRoy E. DeVeaux
DeVeaux & Associates
701 W. 41st Avenue, Suite 201
Anchorage, AK 99503-6604

s/ Richard L. Pomeroy