## MINUTES OF THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

*Shepherd v. Jakeway*
Case No. 3:01-cv-00333- JKS


By:                THE HONORABLE JAMES K. SINGLETON


Deputy Clerk:      Dan Maus, Case Management: 677-6123*


PROCEEDINGS:       ORDER FROM CHAMBERS


     Attached to this Order is the Court's proposed final pretrial order.  The parties should review the proposed order and be prepared to discuss it at the final pretrial conference on Monday, May 1, 2006.



     **IT IS SO ORDERED**.


Entered at the direction of the Honorable James K. Singleton, United States District Court Judge.


DATE:  March 2, 2006


*      ALL INQUIRIES REGARDING THE SCHEDULING OR CALENDARING OF THIS CASE SHOULD BE DIRECTED TO THE ABOVE INDICATED CASE MANAGER.
Any request for other information or for clarification, modification, or reconsideration of this Order, or for extension of time must be made in the form of a motion.  *See* FED. R. CIV. P. 7(b)(1); D. Ak. LR 7.1(l).  No one should telephone, fax, or write to chambers regarding pending cases.  The Judge's secretary and law clerks are not permitted to discuss any aspect of this case, provide any information, or communicate with any person, including litigants, lawyers, witnesses, and the general public regarding pending cases.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>            Plaintiff,<br><br>     vs.<br><br>MILTON J. JAKEWAY and the<br>UNITED STATES OF AMERICA,<br><br>            Defendants. | Case No. 3:01-cv-333-JKS<br><br>**PROPOSED FINAL PRETRIAL<br>ORDER** |

Pursuant to the Scheduling Order entered on November 3, 2005, the following is the joint Proposed Pretrial Order to be discussed and considered at the Final Pretrial Conference set for Monday, May 1, 2006, at 1:30 p.m.

## I.   Parties

The Plaintiff is Elisha Shepherd.  The Defendants are Milton J. Jakeway, a former U.S. Army Criminal Investigation Command ("CID") agent, and the United States of America.

## II.   Jurisdiction

This court has jurisdiction over the case pursuant to 28 U.S.C. § 1346(b)(1).  Jurisdiction is not disputed.

## III.   Schedule of Trial

Trial is scheduled to begin Tuesday, May 9, 2006, at 9:00 a.m.  Trial is currently scheduled to last 4-5 days.  The cause of action against Agent Jakeway will be tried to a jury.  The cause of action against the United States will be tried by the court pursuant to 28 U.S.C. § 2402.

### IV.  Nature of Action

The Plaintiff seeks damages for injuries she claims to have sustained from learning that Agent Jakeway viewed a videotape that she and her husband had made that depicted them having marital relations, including sex.  The claim against Agent Jakeway is rooted in <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct. 1999 (1971) and its progeny, which established an individual cause of action for damages based on a violation of an individual's Constitutional right.

The claim against the United States, for intentional infliction of emotion distress, is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et. seq.   The United States shall be liable to Plaintiff in the same manner, and to the same extent, as a private individual under like circumstances.  28 U.S.C. § 2674.

### V.  Legal Issues Already Decided by this Court

The Court previously dismissed, at Docket No. 39, Ms. Shepherd's claim against the United States for negligent infliction of emotional distress and for invasion of privacy.

Also at Docket No. 39, the Court denied Defendant Jakeway's motion for qualified immunity.  The Court found that "the law was clearly established and that a reasonable officer would have known that to view the tape without a warrant was unlawful." Docket No. 39 at 7, 14.

### VI.  Joint Statement of Issues

The Court, having previously determined that the Defendant Jakeway's viewing of the videotape was a violation of the Fourth Amendment, the remaining issues for trial on Plaintiff's <u>Bivens</u> claim are whether Defendant Jakeway's viewing of the videotape was a cause of the post traumatic stress disorder that Plaintiff has been diagnosed as having, and what damages, if any Plaintiff has suffered.  An additional issue is whether Plaintiff is entitled to an award of punitive damages.

The issues for trial on Plaintiff's claim for intentional infliction of emotional distress against the United States are whether Defendant's conduct was extreme or outrageous, whether

Defendant's conduct caused the emotional injuries Plaintiff claims to have suffered, and whether the emotional injuries are severe.

## VII.  Stipulated Statement of Facts

The court is familiar with the factual background of this case, as it set out in its Order dated August 9, 2003.  *See* Docket No. 39 at 2-3.  The Shepherds returned to their home on Fort Richardson Drive from a party at the Down Under Club late on the evening of November 17, 2000.  *See* Docket No. 21, Ex. F at 6.  Specialist Shepherd was so seriously intoxicated that Elisha Shepherd had to call her neighbor to help her move him upstairs to the bedroom.  *Id*.  Upon moving Specialist Shepherd, she was advised by the neighbor to take her children and get away from the house because her husband was "acting stupid."  *Id*.

At 2:45 am, Military Police Investigator Michael Wisel, Special Agents Angela Birt and Milton Jakeway of the United States Army Criminal Investigation Command ("CID"), along with the following Military Police; Staff Sergeant Neil Shaw, Sergeant Chad Brugman, and Private First Class William Kiehner, all responded to a report that Specialist Shepherd had a rifle to his chin and was threatening to commit suicide.  *See* Docket No. 27 at 2–3.  Upon arriving at the scene, officers saw Specialist Shepherd's wife crying outside the suspect's quarters at 506-B Richardson Drive.  *Id.* at 3.  Officers entered the residence and found Specialist Shepherd laying on a bed with a rifle under his chin.  *Id.* at 4.  The officers disarmed him and took him into custody.  *Id.*  Jakeway arrived at the scene after the other officers, entered the Shepherds' home and assisted in apprehending Specialist Shepherd.  *Id.* at 5; *see also* Docket No. 21 at 3.

After the military police took her husband away, Elisha Shepherd consented to allow the officers to seize any firearms because of Investigator Wisel's concern that if Specialist Shepherd were released he may try to hurt himself.  At no time was a warrant secured to search the Shepherds' residence.  In the course of this search, Jakeway and Investigator Wisel saw a videotape lying on the floor of the Shepherds' bedroom between a gun cabinet and the wall.

Jakeway took the videotape to Agent Birt, his supervisor, and said he was going to view it because it was out of place.  Agent Birt indicated her approval for Jakeway to view the

videotape. Jakeway viewed the contents of the videotape at the house, which depicted Elisha Shepherd and her husband having marital relations, including sex.

Shepherd discovered a month later that Jakeway viewed the videotape when she read the agents' police reports. Shepherd claims that this discovery caused her injury.

### VIII.    Contested Issues of Fact and Law

**1.  The following Are the Issues of Fact to Be Tried and Decided:**

Issue 1:  Was the videotape labeled as Plaintiff contends?

Plaintiff contends: That the videotape that Agent Jakeway picked up and viewed was labeled, as indicated in Exhibit P-10.

Defendants contend: That the videotape that Agent Jakeway watched was not labeled.

Issue 2:  Was Defendant Jakeway's viewing of the videotape objectively reasonable?

Plaintiff contends: That this question has been previously determined by the Court in her favor with respect to the issue of qualified immunity and is not a proper question for the jury.

Defendants contend: That the Court, at page 18 of its Order at Docket No. 39, specifically found this to be a question for the trier of fact. Defendant Jakeway, under the circumstances of the case and approval of his supervisor, acted reasonably in viewing the videotape. See also the discussion at Legal Issue # 1.

Issue 3:  Is Plaintiff's emotional distress caused by her learning that Agent Jakeway viewed the videotape?

Plaintiff contends: That she suffered post traumatic stress disorder as a result of learning that someone had viewed the videotape of her and her husband. She offers her testimony and that of David Sandberg, a psychologist who has treated her, and the testimony of the Defendants' expert, Dr. Sperbeck, who testified in his deposition that Ms. Shepherd was emotionally fragile when she discovered that the videotape had been viewed.

Defendants contend: That she did not suffer post traumatic stress disorder from learning that the videotape had been viewed. Rather, her emotional distress is caused by her husband's

attempted suicide and other factors, as set out in the report of David Sperbeck's examination of the Plaintiff.

Issue 4:   Was the videotape returned to where it was found?

Plaintiff contends: That the videotape was not immediately returned.  Plaintiff believes that Jakeway, and possibly others, took the videotape with him to watch in its entirety, and at a later, unknown time, returned to the Shepherds' residence and returned the videotape to the Shepherds' bedroom.

Defendants contend: That Jakeway returned the videotape to the Shepherds' bedroom immediately after viewing it, placing it on top of the gun cabinet so that the Shepherds' children would not accidently view the unmarked tape.

Issue 5:   How long was the tape viewed?

Plaintiff contends: That the videotape was taken from the residence and viewed, or viewed at the residence, for an unknown length of time.

Defendants contend: That the videotape was viewed for a few seconds and returned to the Shepherds' bedroom.

Issue 6:   Was the videotape taken from the residence?

Plaintiff contends: That based on the contradiction between the photographs taken by Investigator Wisel and Jakeway's testimony, Jakeway or military policemen removed the videotape from the residence, returning it to the residence at some unknown later time.

Defendants contend: That no evidence supports that the videotape was removed from the Shepherds' residence.

Issue 7:   Were there photographic negatives that were destroyed?

Plaintiff contends: That Defendant destroyed two negatives from the roll of photographs taken by Investigator Wisel of the Shepherds' residence.

Defendants contend: That no negatives were destroyed and that a complete set of photographs and negatives were provided to Plaintiff.

Issue 8:   If Defendant's acts caused Plaintiff's emotional distress, what are her damages?

Plaintiff contends: That Plaintiff's emotional distress is severe and that she is entitled to a monetary award.

Defendants contend: That the injuries of which Plaintiff complains were not caused by the acts of the Defendant, therefore she is not entitled to an award of compensatory or nominal damages.

Issue 9:   If Defendant's acts caused Plaintiff's emotional distress, should there be an additional award of punitive damages against Defendant Jakeway?

Plaintiff contends: That Defendant Jakeway's actions were outrageous, meriting an additional award of punitive damages against him.

Defendants contend: That the actions of Defendant Jakeway were reasonable, were not outrageous, and do not meet the requirements for an award of punitive damages.

**2.  The Following Are the Issues of Law to Be Tried and Determined:**

With the exception of the ultimate issues of liability, causation and damages, the following issues are expected to arise at trial          .

Issue 1:  Can Defendant, after the close of evidence, reassert a claim for qualified immunity?

Plaintiff contends: That the Court's denial of Defendant's motion for qualified immunity precludes raising it again.

Defendants contend: That the Court's language at Docket No. 39, page 18, explicitly leaves open for the jury to decide the question of the reasonableness of Jakeway's actions.

Issue 2:  Is the question whether or not Jakeway was reasonable, under the circumstances, in viewing the videotape also a defense to liability on the Bivens cause of action?

7

<u>Plaintiff contends</u>: That the issue of reasonableness is irrelevant to liability on the Bivens case.

<u>Defendants contend</u>:  That the issue of reasonableness is relevant to liability on the Bivens case.

<u>Issue 3</u>:   Should Plaintiff be allowed to question Defendant Jakeway whether he has viewed, purchased, or rented adult oriented videos?

<u>Plaintiff contends</u>: That Defendant Jakeway's viewing of pornographic materials demonstrates his predisposition to violating the Plaintiff's constitutional rights.

<u>Defendants contend</u>: That such area of inquiry is not relevant to the issues of the case, or if relevant, the prejudicial effect of such questioning far outweighs its probative value.  Plaintiff has made no showing nor offered any evidence that an individual, who exercises their Constitutionally protected right and views adult oriented materials, will therefore violate another person's privacy in order to view adult oriented material.  This line of questioning, if relevant at all, is only relevant if the videotape was marked.

The parties preserve all evidentiary issues not outlined above.  The parties have not reiterated possible mixed questions of fact and law that have been identified as factual issues, above.

## XI.   General Questions for the Jury, Voir Dire Jury Questionnaire, Preliminary Jury Instructions, Jury Instructions, and Special Verdict Form

### A. General Questions for the Jury

The parties agree on the general jury questions proposed by the Court at Docket No. 97.  In addition, the parties are able to agree on the following additional voir dire questions
- Do you believe that a person's right to privacy is important?
- Do you believe that the right to privacy includes being left alone by the government unless the government has a good reason to become involved in a person's life?

- Are you prepared to award money damages to the Plaintiff if you find that she proves that she was harmed by the conduct of the Defendant?
- Do you have any problem or concern with serving on a jury in a case involving a video tape containing nudity?
- Do you believe that there is anything inherently improper about a married couple voluntarily video taping themselves engaged in sexual relations for their personal and private viewing?  If you have personal feelings that such conduct is improper, will you set them aside and decide the present case based on the evidence instead of your personal feelings?
- Would you excuse the misconduct of a police officer because he or she is a police officer?
- Will you believe the testimony of a police officer over the testimony of others?
- Are you related to any law enforcement officers?  Who?  How?
- Have you ever lived on a military base?  If so, under what circumstances?  When? [For] How long?
- Do you know Dr. David Sandberg, who is expected to testify in this case?
- Do you know Dr. David Sperbeck, who is expected to testify in this case?
- Have you ever seen or been under the care of a psychologist?  Was that a positive or negative experience?  Do you have an opinion concerning psychologists that would affect your ability to serve as a juror?
- Have you ever had police search your home?  What were the circumstances?

Neither parties has proposed a questionnaire for the jurors to complete.

**B. Preliminary Jury Instructions**

The parties agree on the preliminary jury instructions proposed by the Court at Docket No. 97.

**C. Jury Instructions**

The parties are able to agree on the following additional jury instructions:

      9th Cir Model Civil Jury Instruction No. 7.1

      9th Cir Model Civil Jury Instruction No. 7.5

The parties are unable to agree on additional jury instructions. Each party has proposed additional jury instructions in their submissions to the Court.

### D. Special Jury Verdict Form

The parties are unable to agree on a joint special jury verdict form due to the number of factual and legal disagreements described above.

### XII. Exhibits

| Exh. # | DESCRIPTION OF EXHIBIT | ID | | ADM |
|---|---|---|---|---|
| P-1 | Angela Birt Deposition Transcript | X | | |
| P-2 | Milton Jakeway Deposition Transcript (Vols. I & II) | X | | |
| P-3 | Matthew Miller Deposition Transcript | X | | |
| P-4 | Michelle Shepherd Deposition Transcript | X | | |
| P-5 | David Sperbeck, Ph.D. Deposition Transcript | X | | |
| P-6 | Michael Wisel Deposition Transcript | X | | |
| P-7 | Defendants' Initial Disclosures | X | | |
| P-8 | Defendants' Discovery Responses | X | | |
| P-9 | S.T.A.R. Records | X | | |
| P-10 | Photograph of Video Tape and Photocopy of Box | X | | |
| P-11 | Photographs of Shepherd Residence taken by C.I.D. | X | | |
| P-12 | Negatives of Photographs taken by C.I.D. | X | | |
| P-13 | Documents Supplied to Defendants' Expert | X | | |
| | | | | |
| D-1 | Elisha Shepherd statement - 11/18/2000 | X | | |
| D-2 | Elisha Shepherd statement - 11/20/2000 | X | | |
| D-3 | Elisha Shepherd deposition | X | | |
| D-4 | Charles Shepherd deposition | X | | |
| D-5 | MP Report of Investigation | X | | |
| D-6 | Agent Investigative Report (Jakeway) | X | | |
| D-7 | Agent Investigative Report (Birt) | X | | |
| D-8 | Sworn Statement - David Kuhns | X | | |

| D-9  | Sworn Statement - Melissa Kuhns | X | | |
|------|----------------------------------|---|---|---|
| D-10 | David Sandberg deposition | X | | |
| D-11 | David Sperbeck report | X | | |
| D-12 | DSM-IV-TR (Excerpts to be substituted for treatise) | X | | |
| D-13 | Videotape (currently in custody of US Army Claims Litigation Division) | X | | |

### XIII.  Witness List

The parties understand that the Court has put them on notice that they are responsible for ensuring that the witnesses they want to put on the stand to testify are subpoenaed to testify, regardless of whether the intended witness is listed as a witness for the Plaintiff or the defendants.  Simply because a party lists a witness does not mean that the witness will be called.  Therefore, a party should not rely on the listing of a witness by the opposing party as an indication that the witness will be called.  To the extent possible, the parties shall stipulate to the witnesses that will be called to testify.  The witnesses are not listed in the order that the parties anticipate calling them at trial.

1. Michael Wisel
   Former Military Police Investigator
   2252 Knoll Circle
   Anchorage, AK 99501
   (907) 677-3589

   Investigator Wisel responded to the barricaded suspect situation on November 18, 2000.

2. Angela G. Birt, CW3
   Fort Hood, TX 60
   (703) 806-0299  Wk
   (703) 806-0307 Fax

   Agent Birt was the agent in charge and Agent Jakeway's supervisor during the events on November 18, 2000.  She was present at the Shepherd residence when the videotape was discovered and viewed.

3. Milton Jakeway
   c/o United States Attorney's Office
   222 W. 7th Ave., Rm. 253
   Anchorage, AK 99501

   Agent Jakeway is the Defendant in this case.

4. SGT David C. Kuhns
   Fort Carson, CO

SGT Kuhns contacted the Military Police on November 18, 2000 in response to Plaintiff's call for help. He spoke to Charles Shepherd and Elisha the night of the suicide attempt.

5. Melissa Kuhns
   Milwaukee, WI
   428-2066

Mrs. Kuhns had been watching the Plaintiff's children prior to the disturbance at the Plaintiff's residence on November 18, 2000 and was the individual whom Plaintiff called for help.

6. Elisha Shepherd
   c/o Yale Metzger
   Law Offices of Yale H. Metzger
   425 G Street, Suite 510
   Anchorage, AK 99501

7. SPC Charles Shepherd
   Fort Richardson, AK 99505
   (907) 384-0677

SPC Shepherd is Plaintiff's husband and the individual who attempted to commit suicide on November 18, 2000.

8. Pam Scott
   c/o S.T.A.R.
   1057 W. Fireweed Lane
   Anchorage, AK 99502

Ms. Scott was a counselor that Plaintiff saw for her emotional distress.

9. David J. Sperbeck, Ph.D.
   2530 DeBarr Road
   Anchorage, AK 99508
   (907) 563-8816

Dr. Sperbeck is an expert psychologist. He is retained to perform an independent medical examination on the Plaintiff and to testify as to his findings pertaining to her claims of psychological damage.

10. Matthew Miller
    CPT, U.S. Army

11. David Sandberg, Ph.D.

12. Michelle Shepherd (by deposition)

13. Any rebuttal witnesses.

14. Any witness needed to authenticate documents.

### 1. Effect of this Order

When finalized, the Final Pretrial Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.