DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MILTON J. JAKEWAY and the<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendants. | Case No. 3:01-cv-333-JKS<br><br>**DEFENDANTS' SECOND TRIAL BRIEF** |

    Defendants submit their Second Supplemental Trial Brief.  There remain several issues to be resolved before trial and at trial.  These are discussed below.

    1. The Reasonableness of Agent Jakeway's actions

    The parties intend to submit a joint motion seeking clarification from the Court of the  meaning of its statement that "Summary judgment in favor of Shepherd on this claim (her Bivens cause of action) is inappropriate because whether Jakeway was objectively reasonable when he viewed the videotape is a question for the trier of fact."  Docket No. 39 at 18.  As the joint motion explains, the parties have read the Court's statement in vastly different ways, which are reflected in the pretrial documents that have been

submitted.

Defendants have assumed that the "objective reasonableness" refers to Ms. Shepherd's Bivens cause of action, not her intentional infliction of emotional distress claim. Reasonableness is pertinent to both analyzing the elements of claim of a Fourth Amendment violation and well as the assertion of qualified immunity from such a claim.

As the Ninth Circuit recently stated:

> The fundamental principle of the Fourth Amendment is reasonableness. The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable. A search conducted without a warrant is per se unreasonable under the Fourth Amendment--subject only to a few specifically established and well delineated exceptions. And [w]hile the Fourth Amendment generally prohibits warrantless searches without probable cause, it is subject to a few narrow exceptions. However, even where an exception to the probable cause rule is appropriate, the irreducible constitutional requirement of reasonableness still applies.

Morgan v. United States, 323 F.3d 776, 780-81 (9th Cir. 2003)(internal citation omitted).

In the context of determining whether qualified immunity is available, the objective reasonableness of the defendant's action is a fact that must be determined. Qualified immunity for a Bivens claim requires a two-part analysis. First, a plaintiff must prove that a constitutional right is clearly established. The Court has ruled that the Fourth Amendment right in this case was clearly established. Therefore, since the right is clearly established, the court must determine whether the defendant's conduct was "objectively legally reasonable" given the information possessed by the defendant at the time of his or her conduct. Lawrence v. United States, 340 F.3d 952, 955 (9th Cir. 2003). Where conflicting inferences may be drawn from the facts, the case must go to the jury. LaLonde v. County of Riverside, 204 F.3d 947, 959 (9th Cir.2000). In the present case, whether Agent Jakeway, in light of all the facts, acted reasonably is an issue for the jury

to decide.

If the jury finds that Agent Jakeway acted reasonably, then he would be entitled to a finding of qualified immunity. The jury should deliberate on this question separately as an initial question, since an affirmative finding would mean that Agent Jakeway is immune from liability. This would not effect the remaining cause of action, intentional infliction of emotion distress, which is a matter for the Court's determination under the Federal Tort Claims Act.

2. Reference or questioning by Plaintiff concerning whether Jakeway has viewed adult oriented materials in the past should be prohibited

Plaintiff intends to introduce testimony from defendant Jakeway that he has viewed commercial pornographic videotapes that have either been purchased or rented. No evidence has been offered that this material was viewed at the workplace, interfered with his job, or otherwise has any connection to the events at issue in this case. Such evidence is so attenuated from plaintiff's allegations that it has no probative value in this case and therefore should be excluded by Fed. R. Evid. 401. Federal Rule of Evidence 401 provides that "[r]elevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Buying or renting adult oriented videos is not illegal; indeed it is quite common if one judges from how ubiquitous the adult industry has become. Agent Jakeway's personal reading or viewing habits has no bearing on establishing the facts that are at issue in this case. It is not relevant.

If the Court were to find that the fact that Agent Jakeway has viewed commercial pornographic videotapes that have either been purchased or rented    meets the test of relevancy, then Fed. R. Evid. 403 allows a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." The

Shepherd v. Jakeway
Case No. 3:01-cv-333-JKS                    3

prejudice that Rule 403 is concerned with involves some adverse effect ... beyond tending to prove the fact or issue that justified its admission into evidence. United States v. Gelzer, 50 F.3d 1133, 1139 (2d Cir.1995) A Court will exclude such evidence if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee's Note. Plaintiff's reference to a Constitutionally protected activity, private viewing of adult oriented material, is precisely the non-probative, emotional evidence that Rule 403 is designed to exclude because the danger of unfair prejudice to defendants substantially outweighs whatever slight probative value of Jakeway's taste in movies may have.

Finally, Rule 404(b) does not offer Plaintiff a means to introduce the evidence either. A party may not introduce evidence of prior bad acts to prove the character of a person in order to show action in conformity therewith. However, a party may introduce such evidence for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

While lack of relevancy has been discussed above, the evidence of Jakeway's video viewing habits fails to qualify as a bad act. While certain types of conduct generally condemned by society may constitute bad acts, see United States v. Brooke, 4 F.3d 1480, 1484-85 (9th Cir.1993), possession of lawful reading material is simply not the type of conduct contemplated by Rule 404(b). Guam v. Shymanovitz, 157 F.3d 1154, 1159 (9th Cir. 1998). In Shymanovitz, the defendant was charged with unlawful sexual activity involving minors; the Ninth Circuit held that the contents of gay erotic magazines found in the defendant's house, as well as two sexually explicit articles from the magazines, were not admissible under Rule 404(b). The Ninth Circuit also held that "mere possession of [sexually explicit] reading material that describes a particular type of activity makes it neither more nor less likely that a defendant would intentionally engage in the conduct described...." Id. at 1158. "At the very most," the court stated, the magazines tended to show that the defendant " had an interest in looking at gay male

pornography, reading gay male erotica, or perhaps even, reading erotic stories about men engaging in sex with underage boys, and not that he actually engaged in, or even had a propensity to engage in, any sexual conduct of any kind." Id. at 1158-59.  The Ninth Circuit stated that lawful possession of gay erotica was not probative of the defendant's intent to engage in the charged conduct of sexual abuse.  Id..at 1158-59.   Similarly, the lawful viewing of erotic material is not probative, nor does it demonstrate a propensity to violate a Constitutional right.  Such evidence should be excluded.

Respectfully requested this 6th day of March, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2006,
a copy of the foregoing Defendants' Second
Trial Brief was served electronically on
Yale H. Metzger.

via US mail on

LeRoy E. DeVeaux
DeVeaux & Associates
701 W. 41st Avenue, Suite 201
Anchorage, AK 99503-6604


s/ Richard L. Pomeroy