DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>             Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the<br>UNITED STATES OF AMERICA,<br><br>             Defendants. | Case No. 3:01-cv-333-JKS<br><br>**JOINT MOTION<br>FOR CLARIFICATION OF COURT'S<br>ORDER AT DOCKET NO. 39** |

The parties move jointly to seek clarification from the Court on the meaning of its Order at Docket No. 39 .

The Court issued an order on August 8, 2003, at Docket No. 39, in which the Court denied the plaintiff's motion for summary judgment, denied defendant Jakeway's motion for qualified immunity, and granted in part and denied in part defendant United States' motion for summary judgment. The parties seek clarification of the Court meaning of part of that Order. The Court stated that:

Shepherd v. Jakeway
Case No. 3:01-cv-333-JKS

> Shepherd's motion for summary judgment to establish her Bivens claim at Docket No. 21 is DENIED WITHOUT PREJUDICE. Summary judgment in favor of Shepherd on this claim is inappropriate because whether Jakeway was objectively reasonable when he viewed the videotape is a question for the trier of fact.

Docket No. 39 at 18.

The parties interpret the Court's reference to the objective reasonableness of defendant Jakeway's viewing of the videotape quite differently, which in turn has contributed to disagreement about what issues are to be tried and what evidence is relevant to the issues to be tried.

Plaintiff interprets the objective reasonableness question as referring to her intentional infliction of emotional distress cause of action. This is because the Court denied Defendant Jakeway's motion for summary judgment baaed on qualified immunity and stated:

> The Court finds that the law was clearly established and that a reasonable officer would have known that to view the tape without a warrant was unlawful. Consequently, Jakeway is not entitled to qualified immunity. (Docket 39, p. 7.)
>     . . . .
>
> The Court finds that, as the previous discussion illustrates, the law is clearly established regarding warrantless viewing of a videotape so that a reasonable officer would not believe viewing the -videotape was lawful. As a result Jakeway will not receive qualified immunity and Jakeway's motion for summary judgment will be denied. (Docket 39, p. 14.)

The Plaintiff asserts that her interpretation of the Court's order at Docket 39 is consistent with the authority cited by the Defendant from Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001), at Docket 27, p. 11, that:

> In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence. Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so

that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is "an entitlement not to stand trial or face other burdens of litigation."

Defendants interpret the objective reasonableness question as referring to Plaintiff's Bivens cause of action. Since this sentence follows the Court's explicit statement, denying Plaintiff's motion for summary judgment on the Bivens claim, defendants believe that the following sentence is the Court's explanation for its decision.

This fundamental disagreement over the parties interpretation of the Court's Order only came to light during the parties preparation of the Proposed Pretrial Order. Clarification of this issue before the Pretrial Conference, currently scheduled for May 1, 2006, will assist both parties prepare not only for the Pretrial Conference but also for Trial.

Respectfully requested this 14th day of March, 2006, in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/Richard L. Pomeroy
        Assistant U.S. Attorney
        222 West 7th Ave., #9, Rm. 253
        Anchorage, AK 99513-7567
        Phone: (907) 271-5071
        Fax: (907) 271-2344
        E-mail: richard.pomeroy@usdoj.gov
        AK #8906031

| s/Yale H. Metzer (consent) | s/LeRoy E. DeVeaux (consent) |
|---|---|
| Yale H. Metzger | LeRoy E. DeVeaux |
| Law Offices of Yale H. Metzger | DeVeaux & Associates |
| 101 E. 9th Avenue, Suite 7A | 701 W. 41st Avenue, Suite 201 |
| Anchorage, AK 99501 | Anchorage, AK 99503-6604 |

Shepherd v. Jakeway
Case No. 3:01-cv-333-JKS        3