DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>             Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the UNITED STATES OF AMERICA,<br><br>             Defendants. | Case No. 3:01-cv-333-JKS<br><br>**DEFENDANTS' MOTION IN LIMINE TO ALLOW THE ADMISSION OF EVIDENCE THAT MS. SHEPHERD OWNED TWO ADULT VIDEOTAPES** |

The Defendants, through counsel, move in-limine, for an order allowing the admission of evidence that Elisha Shepherd ("Ms. Shepherd") owned two commercially produced adult video tapes.  Under the Federal Rules of Evidence ("Rules"), relevant evidence is admissible unless otherwise provided by the United States Constitution.  Fed. R. Evid. 402.  Moreover a party's statement presented

against her is admissible as non-hearsay.  Fed R Evid 801(d)2.  Although the Rules limit the admissibility of relevant evidence in certain circumstances; such as Rules 401-405, no limitations are applicable in this case and evidence that Ms. Shepherd owned other videotapes is relevant, not prejudicial, and admissible.

## FACTS

On November 18, 2000, Agent Milton Jakeway arrived at Ms. Shepherd's residence after officers had responded to a report that Ms. Shepherd's husband was attempting suicide.  See Docket 27 at 2-3.  Officers found Ms. Shepherd's husband in the bedroom, lying on his bed with a rifle under his chin.  Id. at 4.

Ms. Shepherd's husband was arrested and Agent Milton Jakeway conducted a search of the bedroom and found a video tape on the floor of the bedroom between the gun cabinet and the wall.  Docket 27 at 6; Docket 33 at 5.  Agent Jakeway briefly viewed the videotape to determine the contents and found that it showed Ms. Shepherd and her husband having sexual relations.  Docket 123 at 5.  Ms. Shepherd learned that Agent Jakeway viewed the videotape a month later when she read the agents' police reports.  Id.  Ms. Shepherd claims that the embarrassment caused by this discovery caused her emotional distress injury.  Id. at 7.

Ms. Shepherd owned two commercially produced adult videos that she kept on the gun cabinet with the homemade tape of her and her husband. Trial Ex. D-3 at 59, line 19-22.

## ANALYSIS

I. **EVIDENCE THAT MS. SHEPHERD OWNED TWO OTHER ADULT VIDEOS IS RELEVANT TO EVALUATE HER CLAIM OF EMOTIONAL DISTRESS**

Relevance is defined as having any tendency to make the existence of a fact more or less probable than without such evidence. Fed. R. Evid. 401. Ms. Shepherd's commercial adult videotapes are relevant because their existence helps establish a baseline of Ms. Shepherd's sensibility in the area of sexual relations. Ms. Shepherd claims she feels the purity of her marriage was taken away by the few seconds Agent Jakeway viewed on the videotape and that it was an embarrassment. Trial Ex. D-3 at 33, lines 11-12. Moreover, she claims that she is a classic eggshell skull plaintiff,[1] which the Defendants believe is, in part, asserted because of her sensitive nature. Her ownership of commercially produced adult tapes calls into question Ms. Shepherd's modesty and sensitivity to having sexually explicit images seen by others. See Id. at 59, line 20. Because the presence of the

---

[1] Docket 108 at 6. Plaintiff asserts in her trail brief that she is the "classic eggshell skull plaintiff."

commercial adult videotapes makes Ms. Shepherd's allegedly modest and sensitive nature less likely, they are relevant under Rule 401 and are permissible under Rule 402.

The videotapes are not excludable under Rule 404, Character Evidence Not Admissible to Prove Conduct; Exceptions Other Crimes.  Rule 404 excludes the admission of evidence of a person's character to prove that the person acted in conformity therewith.  The government is not using the ownership of the commercial adult tapes to prove an action in conformity with a particular character trait.  By claiming that she was emotionally harmed because someone other than her husband or physician has seen her nude, Ms. Shepherd calls into question her character or trait of character and not a specific act she has performed.  See United States v. Keiser, 57 F.3d 847, 856 (9th Cir. 1995) (explaining character evidence may be either "in issue" or to infer a person acted in conformity with their character.)

The commercial adult videos are not representative of any specific action of Ms. Shepherd or her propensity to act in conformity therewith.  Since they are not being offered to prove any action in conformity with her character, they do not fall under the prohibition of Rule 404 and are therefore admissible.

When character evidence is not prohibited under Rule 404, the methods by which it may be proved are outlined in Rule 405, Methods of Proving Character. Fed. R. Evid. 405; Keiser 57 F.3d at 855. Keiser is a criminal case involving the conviction of Mr. Keiser for assault. Id. at 848. The court in Keiser devoted significant analysis to Rules 404 and 405 and relied heavily on the advisory notes to the Rules. Id. at 853, 855-56. The critical factor when proving character is whether or not the character is an essential element of a claim. Id. at 856. The rule for determining if character is an essential element is "would proof or failure of proof of the character trait by itself actually satisfy an element of the charge, claim or defense? If not, then character is not essential and evidence should be limited to opinion or reputation." Id.

Proof of Ms. Shepherd's modesty is an element of her claim for emotional distress. Without the modesty element, it is highly unlikely that she would experience severe distress. Since her character trait answers the Circuit Court's test affirmatively, it is an essential element of her claim and may be proven by specific instances of conduct allowed in Rule 405(b). Her purchase of commercial videotapes is an example of a specific instance that is allowed under Rule 405.

Moreover, Ms. Shepherd has made her character an issue for trial by claiming to be an eggshell skull plaintiff.

Existence of adult tapes should not be excluded under Rule 403, Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time, because any prejudice they might cause does not substantially outweigh their probative value. Rule 403 presupposes relevance and is designed to exclude relevant evidence when that evidence has the potential to create unfair prejudice against a party. Fed. R. Evid. 403, Advisory Comm. notes. The probative nature of the commercial tapes, however, is exactly the reason they should be allowed as evidence. The fact that Ms. Shepherd owned the tapes provides powerful probative evidence about her modesty because she voluntarily owned adult video tapes.

There is very little prejudice involved in the admission of the fact that she owned other tapes. The jury will already know that she made an adult tape herself and that she watched it. The fact that Ms. Shepherd owned other videos, emphasizes the fact that people watch other people engaged in sexual relations is not a shock to her. She has watched herself. The jury can weight this fact against her claim of modesty and purity and determine whether her claim of profound distress is credible. The fact that she owned other adult video tapes could help the

jury decide whether her claim that she is a classic eggshell skull plaintiff, due in part to modesty, is more probable than not.  The fact that she owns videotapes which allow her to watch other adults engaging in sexual relations can assist the jury in determining whether it is more probable than not that she would be profoundly shocked by the knowledge that others saw her doing the same thing.  This evidence is both relevant and highly probative.  Her ownership of commercial adult video tapes supports the government's position that the emotional distress she claims to have experienced was not triggered by Agent Jakeway's watching of the videotape, but that it is more probable than not that the combination of her husband's attempted suicide and the brief erroneous knowledge that her husband had died, caused her distress.  Moreover, it is relevant to whether she is exaggerating her emotional distress.

## II.     MS. SHEPHERD'S STATEMENT THAT SHE OWNED TWO OTHER ADULT VIDEOTAPES IS ALSO ADMISSIBLE AS A STATEMENT AGAINST INTEREST

Assuming that the probative value outweighs any prejudice, Ms. Shepherd stated in her deposition, marked as Trial Exhibit D-3, that she owned two other adult videotapes.  Fed. R. Evid. 801(d)2 provides that statements of a party

presented against her interest are non-hearsay and admissible. This Rule provides yet another reason for the evidence discussed above to be admitted.

## CONCLUSION

For the foregoing reasons, the commercially produced adult videotapes purchased by Ms. Shepherd and found in Ms. Shepherd's home are allowable and should be allowed into evidence because Ms. Shepherd's character is relevant to her claim that her emotional distress was severe.

Respectfully requested this 22nd day of June, 2006,

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2006,
a copy of the foregoing DEFENDANTS' MOTION
IN LIMINE TO ALLOW THE ADMISSION OF
EVIDENCE THAT MS. SHEPHERD OWNED
TWO ADULT VIDEOTAPES was served
electronically on Yale H. Metzger,
and by U. S. Mail on LeRoy E. DeVeaux.

s/ Susan J. Lindquist