Yale H. Metzger
Alaska Bar No. 9512082
Law Offices of Yale H. Metzger
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone (907) 258-4110

LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
Telephone (907) 565-2906

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **ELISHA SHEPHERD,** | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>) |
| **MILTON J. JAKEWAY, and UNITED STATES OF AMERICA,** | )<br>)<br>)    Case No. A01-333 Civil (JKS) |
| Defendants. | )<br>) |

## PLAINTIFF'S SUPPLEMENTAL BRIEF RE SEARCH OF SEIZED VIDEO TAPE

Elisha Shepherd, through her attorneys, submits the following as her supplemental brief regarding the authority of the Defendants to view the contents of the video tape they found at the Shepherd Residence on November 18, 2000.

The Court invited the parties to submit supplemental briefs on the issue of whether Agent Jakeway was authorized to view the contents of the Shepherd video tape that he watched without a warrant if he had probable cause to seize the tape. The mandatory binding authority in the Ninth Circuit provides that even if Agent Jakeway had probable cause to seize the Shepherd video tape, he was required to obtain a search warrant to view the tape's contents.

1

The law in the Ninth Circuit in 2000 when U.S. Army C.I.D. Agent Milton Jakeway found and conducted a warrantless viewing of the contents of a video tape at Elisha Shepherd's residence was:

> In Robins v. California, a plurality of four justices elaborated on the "single-purpose container" exception, explaining that the exception is:
>
>> little more than another variation of the "plain view" exception (footnote omitted), since, if the distinctive configuration of a container proclaims its contents, the contents cannot be fairly said to have been removed from a searching officer's view. The same would be true, of course, if the container were transparent, or otherwise clearly revealed its contents. In short, the negative implication of footnote 13 of the Sanders opinion is that, unless the container is such that its contents may be said to be in plain view, those contents are fully protected by the Fourth Amendment.
>
> 453 U.S. 420, 427, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981) (plurality opinion), overruled on other grounds by United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). (Footnote omitted.)

U.S. v. Gust, 405 F.3d 797, 800-01 (9th Cir. 2005) (police were required to obtain a search warrant to search gun case for gun since it could have contained something other than a gun).

Since Agent Jakeway maintains that the subject video tape contained no label, he cannot argue that the contents of the video tape were such that they were in plain view. The Court correctly noted this when it found:

> However, even assuming that [Jakeway] could have obtained a warrant he still does not present enough evidence to show that a warrantless viewing at the crime scene was lawful. This is so because even taking the evidence in light most favorable to Jakeway -- by assuming that the tape was not labeled -- no reasonable officer would believe that viewing the tape was lawful because there was nothing immediately

2

apparent about the tape that would suggest that it contained incriminating footage.

Docket 39, p. 9.

Additionally, the Court found:

> An allegedly unmarked videotape on the floor of the bedroom where Shepherd's husband threatened to commit suicide while very intoxicated creates significant doubt as to the certainty of the contents of that videotape.

Docket 39, p. 11.

The Court's findings at Docket 39 are consistent with the mandatory binding authority in the Ninth Circuit in U.S. v. Gust, 405 F.3d 797, 800-01 (9th Cir. 2005). Agent Jakeway was not authorized by any legal authority, particularly in the Ninth Circuit, to conduct a warrantless search of the contents of the Shepherd video tape. The mandatory binding authority on Agent Jakeway in the Ninth Circuit, as reaffirmed in Gust, required Agent Jakeway to secure the Shepherd video tape while he sought a search warrant if he wanted to view its contents.

The foregoing supports the Court's finding at Docket 39, p. 11, "that Shepherd had a privacy interest in her videotape that was unlawfully violated when Jakeway viewed its contents."

DATED this 23RD day of June 2006 at Anchorage, Alaska.

The Law Offices of Yale H. Metzger
Attorney for the Plaintiff

Yale H. Metzger
Alaska Bar No. 9512082

DeVeaux & Associates
Attorney for the Plaintiff

LeRoy E. (Gene) DeVeaux
Alaska Bar No. 7310040

A true and correct copy of the foregoing was hand delivered/ mailed to the following this 23rd day of ~~May~~ June 2006:

Susan Lindquist, Esq.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, No. 9, Room 253
Anchorage, Alaska 99513-7567

_____
Yale H. Metzger