Yale H. Metzger
Alaska Bar No. 9512082
Law Offices of Yale H. Metzger
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone (907) 258-4110

LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
Telephone (907) 565-2906

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| MILTON J. JAKEWAY, and UNITED STATES OF AMERICA, | ) ) ) |
| Defendants. | ) Case No. A01-333 Civil (JKS) ) ) |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION
FOR RELIEF FROM ORDER IN LIMINE RE DEFENDANT
JAKEWAY'S PURCHASE AND RENTAL OF ADULT VIDEO TAPES**

Elisha Shepherd, through her attorneys, submits the following as her motion and memorandum in support of her motion for relief from the Court's order in limine regarding the Defendant Milton Jakeway's rental and purchase of adult video tapes.

The Plaintiff understood the Court's order in limine to prevent the Plaintiff from referring to or questioning the Defendant Milton Jakeway regarding his purchase and/or rental of adult video tapes. The Court based its order on Evidence Rule 404(b)'s general prohibition of admission of character evidence to establish a propensity to engage in a particular conduct.

1

Evidence Rule 404(b) provides:

> **(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. **It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent** (emphasis added), preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, and the general nature of any such evidence it intends to introduce at trial.

The Plaintiff has plead a claim for intentional infliction of emotional distress as the result of Milton Jakeway viewing the contents of the subject video tape. She intends to offer evidence of Mr. Jakeway's rental and purchase of adult video tapes to demonstrate that his motive and intent for watching the video tape, which is the subject of the captioned case, was to watch an adult video tape - instead of his claimed motive and intent, which he asserts was to determine whether or not the subject video tape contained a suicide note.

The Court itself questioned Mr. Jakeway's motive for watching the Shepherd video tape when it observed:

> There is no reason, absent pure curiosity or, in the event [the video tape] was labeled, lascivious motives, for the officers to view the videotape at the scene rather than seizing it and securing a warrant.

(Docket 39, p. 13.)

Given that there exists an issue with respect to Mr. Jakeway's motive and intent in watching the Shepherd video tape, and that the Court has previously recognized that this issue exists, the Plaintiff requests relief from the Court's order in limine for the purpose of demonstrating that Mr. Jakeway had

2

intentions and motives for watching the Shepherd video tape other than to determine whether it contained a suicide note.

DATED this 23RD day of June 2006 at Anchorage, Alaska.

> The Law Offices of Yale H. Metzger
> Attorney for the Plaintiff
>
> _/s/ Yale H. Metzger_
> Yale H. Metzger
> Alaska Bar No. 9512082
>
> DeVeaux & Associates
> Attorney for the Plaintiff
>
> _/s/ LeRoy E. DeVeaux_
> LeRoy E. (Gene) DeVeaux
> Alaska Bar No. 7310040

A true and correct copy of the foregoing was hand delivered/ mailed to the following this 23RD day of June 2006:

Susan Lindquist, Esq.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, No. 9, Room 253
Anchorage, Alaska 99513-7567

_/s/ Yale H. Metzger_
Yale H. Metzger