Yale H. Metzger
Alaska Bar No. 9512082
Law Offices of Yale H. Metzger
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone (907) 258-4110

LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
Telephone (907) 565-2906

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **ELISHA SHEPHERD,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **MILTON J. JAKEWAY, and UNITED STATES OF AMERICA,** | ) |
| Defendants. | ) Case No. A01-333 Civil (JKS) |

**MOTION IN LIMINE AND MEMORANDUM IN SUPPORT OF MOTION IN LIMINE RE DEFENDANTS' ATTEMPT TO APPORTION FAULT TO NON-PARTY IN CONTRAVENTION OF A.S. 09.17.080(a) (ALASKA TORT REFORM)**

Elisha Shepherd, through her attorneys, submits the following as her Motion in Limine and Memorandum in Support of Motion in Limine regarding the Defendant's effort to apportion fault to Charles Shepherd who has not been made a party to the captioned law suit:

The Defendants expert reports that he believes that the Plaintiff suffers from post traumatic stress disorder, but opines that the disorder is caused by the conduct of the Plaintiff's husband Charles Shepherd instead of the Defendant.

1

The Alaska Legislature enacted a series of laws that became effective in August 1997 that were collectively known as "tort reform." Among those was AS 09.17.080(a), which provides:

> (a) In all actions involving fault of more than one person, including third-party defendants and persons who have settled or otherwise been released, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating
> (1) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and
> (2) the percentage of the total fault that is allocated to each claimant, defendant, third-party defendant, person who has been released from liability, or other person responsible for damages unless the person was identified as a potentially responsible person, the person is not a person protected from a civil action under As 09.10.055, and the parties had sufficient opportunity to join that person in the action but chose not to; in this paragraph, "sufficient opportunity to join" means the person is
> (A) within the jurisdiction of the court;
> (B) not precluded from being joined by law or court rule; and
> (C) reasonably locatable.
> (b) In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each person at fault, and the extent of the causal relation between the conduct and the damages claimed.

One of the Plaintiff's claims in the captioned case is a tort claim under Alaska Law for intentional infliction of emotional distress. Alaska's substantive tort law applies to that claim. Erie R. Co. v. Tompkin, 304 U.S. 64, 58 S.Ct. 817. 82 L.Ed. 1188 (1938).

The Defendants' expert Dr. Sperbeck admits in his report and deposition that Elisha Shepherd has suffered emotional distress serious enough to rise to the level of post traumatic stress disorder. Dr. Sperbeck disputes that Ms. Shepherd's

emotional distress and post traumatic stress disorder was the fault of the Defendants in the captioned case, and attributes its fault to her husband Charles Shepherd. This is an attempt to apportion fault for Ms. Shepherd's emotional distress to a non-party.

However, the Defendants knew the identity of Charles Shepherd since the outset of the captioned case as it was Charles Shepherd's conduct that caused the Defendants to be present in the Shepherd residence in November 2000 when Milton Jakeway viewed a private video tape depicting Elisha Shepherd and her husband engaged in sexual relations. The Defendants had sufficient opportunity to join Charles Shepherd as a defendant in the captioned case because he was within the jurisdiction of the Court, he was not precluded from being joined by law or court rule, and he was reasonably locatable.

The purpose of A.S. 09.17.080(a) was to prevent Defendants from attempting to apportion fault to persons who were absent from the proceeding when there was sufficient opportunity to join that person.

The captioned case presents the exact situation that the Alaska Legislature contemplated when it enacted AS 09.17.080(a). Since the Defendants did not join Mr. Shepherd, under Alaska law, they cannot now blame him for the injuries Ms. Shepherd claims in the captioned law suit and attempt to apportion fault to him.

Additionally, the Alaska Supreme Court recently held that fault cannot be apportioned or allocated in an intentional tort claim unless the party to whom fault is allocated committed the

same tort as the defendant. <u>Domke v. Alyeska Pipeline Service Co.</u>, Opinion No. 6018, June 16, 2006. As such, fault for Ms. Shepherd's emotional distress in the present case cannot be allocated to either Charles Shepherd or the Plaintiff since neither Ms. Shepherd nor her husband could have committed a constitutional tort against themselves or inflicted emotional distress on Ms. Shepherd by conducting an illegal search of their own property.

Because fault for Ms. Shepherd's emotional distress and post traumatic stress disorder cannot be allocated or apportioned to either her or her husband, any reference to emotional distress caused by Charles Shepherd is irrelevant and more prejudicial that probative. Based on the foregoing, any reference to emotional distress caused by Charles Shepherd should be excluded from both testimony and argument.

**DATED** this 23rd day of June 2006 at Anchorage, Alaska.

The Law Offices of Yale H. Metzger
Attorney for the Plaintiff

Yale H. Metzger
Alaska Bar No. 9512082

DeVeaux & Associates
Attorney for the Plaintiff

LeRoy E. (Gene) DeVeaux
Alaska Bar No. 7310040

A true and correct copy of the foregoing was hand delivered/ mailed to the following this 23rd day of June 2006:

Susan Lindquist, Esq.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, No. 9, Room 253
Anchorage, Alaska 99513-7567

_____
Yale H. Metzger