Yale H. Metzger
Law Office of Yale H. Metzger
Alaska Bar No. 9512082
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
(907) 258-4110

LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
(907) 565-2906

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD )<br>)<br>      Plaintiff,  )<br>)<br>   vs.  )<br>)<br>MILTON J. JAKEWAY et. el.)<br>)<br>      Defendants.   )<br>_____) | Case No. A01-333 CIVIL (JKS) |

### PLAINTIFF"S SUPPLEMENTAL BRIEF RE CAUSATION ISSUES

COMES NOW the Plaintiff by and through her attorneys of record Yale H. Metzger Esq. and LeRoy E. DeVeaux Esq., of DeVeaux and Associates, A.P.C., submit this memorandum on the issue of causation.

The Court discussed a jury instruction at the pretrial conference in the above matter regarding "proximate cause" of damages. The terms proximate cause, cause and fact, substantial factor and the but for test, are negligence concepts and they are not causation questions involving a intentional tort *Dobbs, The Law of Torts (Horn Book Series)*, chapters 9 and 10; 1 *Dobbs, The Law of Torts Practitioner Treatise Series*, §§ 42 through 44 (2001);

1

*Restatement 2nd of Torts*, §§ 281, 431, and 652 H. It is therefore respectfully submitted as a matter of law, that proximate cause with all its "weasel words" is not the causation issue in this case or for that matter any intentional tort case.

Section 431 of the *Restatement 2nd of Torts* states what is required for legal cause (proximate cause):

> The actor's <u>negligent conduct</u> is the legal cause of harm to another if
> (a) his conduct is a substantial factor in bringing about the harm, and
> (B) there is no rule of law relieving the actor from liability because of the manner in which his <u>negligence</u> has resulted in the harm.
> [Emphasis added]

The proximate or legal cause in a negligent action deals with primarily two issues. One is foreseeability of harm that resulted and the other is the foreseeability of the victim who has been harmed. Foreseeability is not an issue in an intentional tort. The case before us is the intentional infliction of emotional distress and a civil rights tort based on violations of a constitutional protected right. The Supreme Court of the United States in *Imbler v. Pachtman* 424 U.S. 409 (1976) recognizes the fact that civil rights violations are torts and are governed by common law and intentional tort rules. [See also *1 Dobbs, Practitioner Treatise* §§ 43 and 44.] Such torts arise of the common law and are trespass torts on a person and as such when those individual persons rights are invaded by at tortfeasor the law assumes that harm has in fact occurred even without proof, *Dobbs Supra* § 42. The Supreme Court of

the State of Alaska in the case of *Zok v. State of Alaska et. al.* 903 P.d 574 (Alaska 1995) in a unanimous opinion authored by Justice Eastaugh opined:

> Whenever a personal legal right is violated even without substantial injury actual or consequential the law will require that the court affirm and declare that right and award damages even if they are only nominal damages.

The courts are following the traditional rule that

> The invasion of the Plaintiff's rights is regarded as a harm in itself and it's subject to an award damages. If the Plaintiff suffers emotional distress as a result of any of these torts, even without physical harm, she is entitled to recover for that emotional distress as a separate element of damages. *1 Dobbs Practitioner Treatise § 42*

This writer has often wondered how one can compare the Plaintiff's conduct against that of an intentional tortfeasor particularly an intentional tortfeasor whose tort is the violation of a constitutional right. It is respectfully submitted that as a violation of constitutional right is presumed to cause a damage it is not possible to compare the Plaintiff's constitutionally protected conduct against such fault. As such, proximate cause is not an issue in the present case.

/
/
/
/
/
/

DATED this 23rd day of June 2006.

The Law Offices of Yale H. Metzger
Attorney for the Plaintiff

*/s/ Yale H. Metzger*
Yale H. Metzger
Alaska Bar No. 9512082

DeVeaux & Associates
Attorney for the Plaintiff

*/s/ LeRoy E. DeVeaux*
LeRoy E. (Gene) DeVeaux
Alaska Bar No. 7310040

CERTIFICATION
This is to certify that on the 23rd day of June 2006, a copy of the foregoing document was delivered by hand to:

Susan J. Linquist
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9. Rm. 253
Anchorage, Alaska 99513-7567

*/s/ Yale H. Metzger*
Yale H. Metzger

4