# CHAPTER III. INITIATION OF CHARGES; APPREHENSION; PRETRIAL RESTRAINT; RELATED MATTERS

### Rule 301. Report of offense

(a) *Who may report.* Any person may report an offense subject to trial by court-martial.

(b) *To whom reports conveyed for disposition.* Ordinarily, any military authority who receives a report of an offense shall forward as soon as practicable the report and any accompanying information to the immediate commander of the suspect. Competent authority superior to that commander may direct otherwise.

#### Discussion

Any military authority may receive a report of an offense. Typically such reports are made to law enforcement or investigative personnel, or to appropriate persons in the chain of command. A report may be made by any means, and no particular format is required. When a person who is not a law enforcement official receives a report of an offense, that person should forward the report to the immediate commander of the suspect unless that person believes it would be more appropriate to notify law enforcement or investigative authorities.

If the suspect is unidentified, the military authority who receives the report should refer it to a law enforcement or investigative agency.

Upon receipt of a report, the immediate commander of a suspect should refer to R.C.M. 306 (Initial disposition). *See also* R.C.M. 302 (Apprehension); R.C.M. 303 (Preliminary inquiry); R.C.M. 304, 305 (Pretrial restraint, confinement).

### Rule 302. Apprehension

(a) *Definition and scope.*

(1) *Definition.* Apprehension is the taking of a person into custody.

#### Discussion

Apprehension is the equivalent of "arrest" in civilian terminology. (In military terminology, "arrest" is a form of restraint. *See* Article 9; R.C.M. 304.) *See* subsection (c) of this rule concerning the bases for apprehension. An apprehension is not required in every case; the fact that an accused was never apprehended does not affect the jurisdiction of a court-martial to try the accused. However, *see* R.C.M. 202(c) concerning attachment of jurisdiction.

An apprehension is different from detention of a person for investigative purposes, although each involves the exercise of government control over the freedom of movement of a person. An apprehension must be based on probable cause, and the custody initiated in an apprehension may continue until proper authority is notified and acts under R.C.M. 304 or 305. An investigative detention may be made on less than probable cause (*see* Mil. R. Evid. 314(f)), and normally involves a relatively short period of custody. Furthermore, an extensive search of the person is not authorized incident to an investigative detention, as it is with an apprehension. *See* Mil. R. Evid. 314(f) and (g). This rule does not affect any seizure of the person less severe than apprehension.

Evidence obtained as the result of an apprehension which is in violation of this rule may be challenged under Mil. R. Evid. 311(c)(1). Evidence obtained as the result of an unlawful civilian arrest may be challenged under Mil. R. Evid. 311(c)(1), (2).

(2) *Scope.* This rule applies only to apprehensions made by persons authorized to do so under subsection (b) of this rule with respect to offenses subject to trial by court-martial. Nothing in this rule limits the authority of federal law enforcement officials to apprehend persons, whether or not subject to trial by court-martial, to the extent permitted by applicable enabling statutes and other law.

#### Discussion

R.C.M. 302 does not affect the authority of any official to detain, arrest, or apprehend persons not subject to trial under the code. The rule does not apply to actions taken by any person in a private capacity.

Several federal agencies have broad powers to apprehend persons for violations of federal laws, including the Uniform Code of Military Justice. For example, agents of the Federal Bureau of Investigation, United States Marshals, and agents of the Secret Service may apprehend persons for any offenses committed in their presence and for felonies. 18 U.S.C. §§ 3052, 3053, 3056. Other agencies have apprehension powers include the General Services Administration, 40 U.S.C. § 318 and the Veterans Administration, 38 U.S.C. § 218. The extent to which such agencies become involved in the apprehension of persons subject to trial by courts-martial may depend on the statutory authority of the agency and the agency's formal or informal relationships with the Department of Defense.

(b) *Who may apprehend.* The following officials may apprehend any person subject to trial by court-martial:

(1) *Military law enforcement officials.* Security police, military police, master at arms personnel, members of the shore patrol, and persons designated by proper authorities to perform military criminal investigative, guard, or police duties, whether subject to the code or not, when in each of the foregoing instances, the official making the apprehension is in the execution of law enforcement duties;

EXHIBIT A

**R.C.M. 302(b)(1)**

### Discussion

Whenever enlisted persons, including police and guards, and civilian police and guards apprehend any commissioned or warrant officer, such persons should make an immediate report to the commissioned officer to whom the apprehending person is responsible.

The phrase "persons designated by proper authority to perform military criminal investigative, guard or police duties" includes special agents of the Defense Criminal Investigative Service.

(2) *Commissioned, warrant, petty, and noncommissioned officers.* All commissioned, warrant, petty, and noncommissioned officers on active duty or inactive duty training;

### Discussion

Noncommissioned and petty officers not otherwise performing law enforcement duties should not apprehend a commissioned officer unless directed to do so by a commissioned officer or in order to prevent disgrace to the service or the escape of one who has committed a serious offense.

(3) *Civilians authorized to apprehend deserters.* Under Article 8, any civilian officer having authority to apprehend offenders under laws of the United States or of a State, Territory, Commonwealth, or possession, or the District of Columbia, when the apprehension is of a deserter from the armed forces.

### Discussion

The code specifically provides that any civil officer, whether of a State, Territory, district, or of the United States may apprehend any deserter.However, this authority does not permit state and local law enforcement officers to apprehend persons for other violations of the code. *See* Article 8.

(c) *Grounds for apprehension.* A person subject to the code or trial thereunder may be apprehended for an offense triable by court-martial upon probable cause to apprehend. Probable cause to apprehend exists when there are reasonable grounds to believe that an offense has been or is being committed and the person to be apprehended committed or is committing it. Persons authorized to apprehend under subsection (b)(2) of this rule may also apprehend persons subject to the code who take part in quarrels, frays, or disorders, wherever they occur.

### Discussion

"Reasonable grounds" means that there must be the kind of reliable information that a reasonable, prudent person would rely on which makes it more likely than not that something is true. A mere suspicion is not enough but proof which would support a conviction is not necessary. A person who determines probable cause may rely on the reports of others.

(d) *How an apprehension may be made.*

(1) *In general.* An apprehension is made by clearly notifying the person to be apprehended that person is in custody. This notice should be given orally or in writing, but it may be implied by the circumstances.

(2) *Warrants.* Neither warrants nor any other authorization shall be required for an apprehension under these rules except as required in subsection (e)(2) of this rule.

(3) *Use of force.* Any person authorized under these rules to make an apprehension may use such force and means as reasonably necessary under the circumstances to effect the apprehension.

### Discussion

In addition to any other action required by law or regulation or proper military officials, any person making an apprehension under these rules should: maintain custody of the person apprehended; and inform as promptly as possible the immediate commander of the person apprehended, or any official higher in the chain of command of the person apprehended if it is impractical to inform the immediate commander.

(e) *Where an apprehension may be made.*

(1) *In general.* An apprehension may be made at any place, except as provided in subsection (e)(2) of this rule.

(2) *Private dwellings.* A private dwelling includes dwellings, on or off a military installation, such as single family houses, duplexes, and apartments. The quarters may be owned, leased, or rented by the residents, or assigned, and may be occupied on a temporary or permanent basis. "Private dwelling" does not include the following, whether or not subdivided into individual units: living areas in military barracks, vessels, aircraft, vehicles, tents, bunkers, field encampments, and similar places. No person may enter a private dwelling for the purpose of making an apprehension under these rules unless:

(A) Pursuant to consent under Mil. R. Evid. 314(e) of 316(d)(2);

(B) Under exigent circumstances described in Mil. R. Evid. 315(g) or 316(d)(4)(B);

(C) In the case of a private dwelling which is military property or under military control, or nonmilitary property in a foreign country.

(i) if the person to be apprehended is a resident of the private dwelling, there exists, at the time of the entry, reason to believe that the person to be apprehended is present in the dwelling, and the apprehension has been authorized by an official listed in Mil. R. Evid. 315(d) upon a determination that probable cause to apprehend the person exists; or

(ii) if the person to be apprehended is not a resident of the private dwelling, the entry has been authorized by an official listed in Mil. R. Evid. 315(d) upon a determination that probable cause exists to apprehend the person and to believe that the person to be apprehended is or will be present at the time of the entry;

(D) In the case of a private dwelling not included in subsection (e)(2)(C) of this rule,

(i) if the person to be apprehended is a resident of the private dwelling, there exists at the time of the entry, reason to believe that the person to be apprehended is present and the apprehension is authorized by an arrest warrant issued by competent civilian authority; or

(ii) if the person to be apprehended is not a resident of the private dwelling, the apprehension is authorized by an arrest warrant and the entry is authorized by a search warrant, each issued by competent civilian authority.

A person who is not a resident of the private dwelling entered may not challenge the legality of an apprehension of that person on the basis of failure to secure a warrant or authorization to enter that dwelling, or on the basis of the sufficiency of such a warrant or authorization. Nothing in this subsection ((e)(2)) affects the legality of an apprehension which is incident to otherwise lawful presence in a private dwelling.

### Discussion

For example, if law enforcement officials enter a private dwelling pursuant to a valid search warrant or search authorization, they may apprehend persons therein if grounds for an apprehension exist. This subsection is not intended to be an independent grant of authority to execute civilian arrest or search warrants. The authority must derive from an appropriate Federal or state procedure. See e.g. Fed. R. Crim. P. 41 and 28 C.F.R. 60.1.

## Rule 303. Preliminary inquiry into reported offenses

Upon receipt of information that a member of the command is accused or suspected of committing an offense or offenses triable by court-martial, the immediate commander shall make or cause to be made a preliminary inquiry into the charges or suspected offenses.

### Discussion

The preliminary inquiry is usually informal. It may be an examination of the charges and an investigative report or other summary of expected evidence. In other cases a more extensive investigation may be necessary. Although the commander may conduct the investigation personally or with members of the command, in serious or complex cases the commander should consider whether to seek the assistance of law enforcement personnel in conducting any inquiry or further investigation. The inquiry should gather all reasonably available evidence bearing on guilt or innocence and any evidence relating to aggravation, extenuation, or mitigation.

The Military Rules of Evidence should be consulted when conducting interrogations (see Mil. R. Evid. 301-306), searches (see Mil. R. Evid. 311-317), and eyewitness identifications (see Mil. R. Evid. 321).

If the offense is one for which the Department of Justice has investigative responsibilities, appropriate coordination should be made under the Memorandum of Understanding, see Appendix 3, and any implementing regulations.

If it appears that any witness may not be available for later proceedings in the case, this should be brought to the attention of appropriate authorities. See also R.C.M. 702 (depositions).

A person who is an accuser (see Article 1(9)) is disqualified from convening a general or special court-martial in that case. R.C.M. 504(c)(1). Therefore, when the immediate commander is a general or special court-martial convening authority, the preliminary inquiry should be conducted by another officer of the command. That officer may be informed that charges may be preferred if the officer determines that preferral is warranted.

## Rule 304. Pretrial restraint

(a) *Types of pretrial restraint.* Pretrial restraint is moral or physical restraint on a person's liberty which is imposed before and during disposition of offenses. Pretrial restraint may consist of conditions on liberty, restriction in lieu of arrest, arrest, or confinement.

(1) *Conditions on liberty.* Conditions on liberty are imposed by orders directing a person to do or