DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>         Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the UNITED STATES OF AMERICA,<br><br>         Defendants. | Case No. 3:01-cv-00333-JKS<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION AT DOCKET 143 FOR RELIEF FROM ORDER IN LIMINE RE: MR. JAKEWAY'S OWNERSHIP OF ADULT VIDEO TAPES** |

The Defendants, through counsel, ask the Court to retain its Order excluding testimony about Mr. Jakeway's ownership of adult video tapes.

In her motion at Docket 143, Plaintiff asks the Court to allow evidence of Agent Jakeway's purchase and rental of adult video tapes contrary to the general

prohibition of Federal Rule of Evidence (FRE) 404(b) against propensity evidence. FRE 404(b) states:

> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, and the general nature of any such evidence it intends to introduce at trial.

Thus, Rule 404(b) prohibits the use of prior bad act evidence for the purpose of showing propensity. United States v. Johnson, 132 F.3d 1279, 1282 (9th Cir. 1997). In considering whether such evidence is admissible, the analysis must focus on whether the fact finder is asked to infer from behavior on one occasion something about the nature of a person, and then to infer from that how the person probably would have behaved on another occasion, when the only connection between the two occasions is that the fact finder believes that people of a certain type would act the same way both times. "To be probative of something other than criminal propensity, the prior bad act evidence must: (1) prove a material element of the crime currently charged; (2) show similarity between the past and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in

Shepherd v. Jakeway, et.al.
3:01-cv-00333-JKS                                    2

time." Johnson, at 1282 (citing United States v. Hinton, 31 F.3d 817, 822 (9th Cir. 1994)).  Once the relevance of the evidence is established, it still will not be admitted if its prejudicial impact substantially outweighs its probative value. Johnson, at 1282.

Plaintiff intends to present evidence of Agent Jakeway's purchase and rental of adult video tapes to show that Agent Jakeway's motive or intent in watching the Shepherd video was to watch adult videos and not to determine whether it contained a suicide note.  In order to establish the admissibility of evidence of Agent Jakeway's purchase and rental of adult video tapes, Plaintiff must demonstrate that the purpose of the evidence is to prove a fact in issue consistent with the factors stated above.

Plaintiff has failed to satisfy the four criteria for admissibility of prior bad acts evidence.  Plaintiff presents nothing more than a general statement that essentially states that the evidence is probative of a proper purpose simply because she says so ("She intends to offer evidence of Mr. Jakeway's rental and purchase of adult video tapes to demonstrate that his motive and intent for watching the video tape, which is the subject of the captioned case, was to watch an adult video tape. . . ").  See Pl. Motion at 2.  To prove intent under Rule 404, however, the acts

must be similar.  U.S. v. Curtin, 443 F.3d 1084, 1091 (9th Cir. 2006) citing United States v. Spillone, 879 F.2d 514, 518 (9th Cir. 1989).  Plaintiff offers no link or nexus between Agent Jakeway's purchase/rental of adult videos to watch in his spare time and his actions in conducting a search of Plaintiff's home for evidence of a crime in the home of someone who just attempted suicide.  Perhaps if Plaintiff's evidence consisted of another search in which Agent Jakeway viewed an adult video for other than official purposes, there would be some similarity in events.  That is not the case here.  Plaintiff has shown no facts that establish similarity between the two events, and therefore, the evidence is not relevant.  This argument fails.

Moreover, Mr. Jakeway's possession and watching of legal adult videotapes is not a bad act.  In People of the Territory of Guam v. Shymanovitz, 157 F.3d 1154, 1157 (9th Cir. 1998), the government wished to present evidence of the "bad act" of owning commercial adult pornography in "order to show that Shymanovitz 'intentionally engaged in sexual contact for the purpose of sexual arousal or gratification.'"  After finding that Shymanovitz's possession of six adult magazines had no relevance to the charge of sexually abusing and molesting boys, the Court wrote:

> It is not only the lack of relevancy that renders the evidence inadmissible under Rule 404(b). The evidence also fails to qualify as a bad act. While certain types of conduct generally condemned by society may constitute bad acts, *see United States v. Brooke,* 4 F.3d 1480, 1484-85 (9th Cir. 1993), possession of lawful reading material is simply not the type of conduct contemplated by Rule 404(b).

*Id.* at 1159. Similarly, Mr. Jakeway's possession or rental of lawful adult media is not the type of conduct contemplated by Rule 404(b). Thus, this propensity evidence should not be admitted through that rule.

Even if the Court finds that the evidence of Agent Jakeway's purchase and rental of adult videos is probative of a material issue, and that it is a bad act, the Court should exclude such evidence because the prejudicial impact substantially outweighs the probative value. The Court based its ruling on FRE 403 because although the evidence may be marginally relevant, its probative value was outweighed by the danger of unfair prejudice, confusion of the issues, etc. "The Second Circuit has repeatedly recognized the inflammatory quality and impact of evidence of a pornographic nature." United States v. Nosov, 221 F. Supp. 445, 450 (S.D.N.Y. 2002). "Even in cases dealing with or related to pornography and, hence, making the introduction of evidence of pornographic material arguably more relevant, the Second Circuit has been reluctant to permit the introduction of such evidence." Id.

Indeed, the evidence is highly prejudicial. Despite the fact that adult videos are legal, a juror of a strong religious persuasion might easily make a judgment about Mr. Jakeway's character because he or she opposed pornographic films on a moral basis. See e.g. United States v. Borello, 766 F.2d 46, 59 (2d Cir. 1985) Moreover, a juror who had daughters may resent the fact that Mr. Jakeway promoted a business that shows women in a bad light. Jurors could come to many incorrect conclusions about Mr. Jakeway based on the fact that he owned pornographic videos, rather than on the activities that occurred that night when Mr. Jakeway was on the job.

## CONCLUSION

The Court correctly excluded evidence about Mr. Jakeway's ownership of adult videotapes. The fact that he has watched adult videotapes is not probative of any issue left for trial. It is not a prior bad act that can be introduced for other reasons. Moreover, even if the evidence had minimal probative value, that is far outweighed by the prejudicial nature of any pornography.

Respectfully requested this 11th day of July, 2006.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Susan J. Lindquist
>Assistant U. S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3378
>Fax: (907) 271-2344
>E-mail: susan.lindquist@usdoj.gov
>AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2006,
a copy of the foregoing UNITED STATES'
RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION AT DOCKET 143 FOR RELIEF
FROM ORDER IN LIMINE RE:
MR. JAKEWAY'S OWNERSHIP OF
ADULT VIDEOTAPES was served
electronically on Yale H. Metzger,
and by U. S. Mail on:

LeRoy E.DeVeaux.
701 W. 41st Ave., Suite 201
Anchorage, AK 99503-6604

s/ Susan J. Lindquist