DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendants. | Case No. 3:01-cv-00333-JKS<br><br>**UNITED STATE'S RESPONSE IN OPPOSITION TO THE MOTION IN LIMINE AT DKT 144 RE ALLOCATION OF FAULT** |

　　　The Defendants, through counsel, oppose the Plaintiff's motion in limine asking the Court to prohibit them from presenting evidence and arguing that Charles Shepard ("Mr. Shepherd") is at fault for Elisha Shepherd's ("Mrs. Shepherd's") emotional state on the basis that the Defendants did not name Mr. Shepherd as a party.  Under state law, a party cannot allocate a percentage of fault to a non party.  AS 09.17.080(a).

The Defendants do not argue that Mr. Shepherd is at fault for the torts alleged in the Plaintiff's First Amended Complaint.  Mrs. Shepherd alleges that the conduct of searching without a warrant and viewing the videotape formed the basis for Count 1 - the violation of her constitutional rights. She alleges that the same conduct formed the basis of the intentional infliction of emotional distress at Count II.  Mr. Shepherd did not participate in any allegation which formed the basis of the torts claimed.  Therefore he is not at fault for acts he did not participate in and he cannot be allocated any fault

Mrs. Shepherd really requests is an Order preventing the Defendants from arguing that even if Mr. Jakeway breached his duty, those acts did not cause Mrs. Shepherd's emotional distress.  Rather there were many things happening in her life, but not all of her stress arose from the knowledge that Mr. Jakeway viewed the videotape.  Many sources of stress affect a person's emotional state, and not all of them are acts to which legal fault can be attached.  For example, at one time Mr. Shepherd asked Mrs. Shepherd for a divorce.  There is no actionable wrong in seeking a divorce, so Mr. Shepherd is not at fault in seeking a divorce. See Chizmar v. Mackie, 896 P.2d 196, 212 and n.14 (Alaska 1995) (no cause of action for wrongful divorce).  Nonetheless, Mrs. Shepherd's emotional state was affected by that event.  Although there is no fault to apportion, the government can certainly argue that a suggested divorce may have contributed to Mrs. Shepherd's emotional state.[1]

---

[1] The concept that damages are divisible will be address in the Response to the Motion at Docket 145, which deals with causation.

Some of Mr. Shepherd's actions which affected his wife's emotional state occurred about a month before she experienced any harm stemming from the viewing of the videotape. The Government is only liable for the emotional distressed which was caused by the knowledge that Mr. Jakeway had viewed the videotape. This is not an allocation of fault situation because Charlie Shepherd did not participate in the alleged torts.

Respectfully requested July 18, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2006,
a copy of the foregoing
**UNITED STATE'S RESPONSE IN OPPOSITION
TO THE MOTION IN LIMING AT DKT 144
RE ALLOCATION OF FAULT** was served
electronically on Yale H. Metzger,
and by U. S. Mail on:

LeRoy E.DeVeaux.
701 W. 41st Ave., Suite 201
Anchorage, AK 99503-6604

s/ Susan J. Lindquist

Shepherd v. Jakeway, et al.
Case No. 3:01-cv-333-JKS                3