DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>    Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the<br>UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:01-cv-00333-JKS<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL BRIEF RE: CAUSATION ISSUES AT DOCKET 145** |

In her Supplemental Brief Re: Causation Issues at Docket 145, the Plaintiff, ("Mrs. Shepherd") states that proximate cause is not the cause issue in this case. She further states that the causes of action in this case (violation of a constitutional right and intentional infliction of emotional distress), if established, entitles her to a recovery of damages, even if only nominal damages.  As a result, she argues that

proximate cause is not an issue in this case. Through this argument she implies that the Defendants are responsible for her entire amount of emotional distress. She is mistaken.

The Defendants should be allowed to present evidence that tends to show that there were other legal causes of Mrs. Shepherd's damages, whether tortious or nontortious, and have the jury instructed as to any other legal causes of damages. The issue of causation is a question of fact to be decided by a jury. See Turnbull v. LaRose, 702 P.2d 1331, 1337 (Alaska 1985) (citing Sharp v. Fairbanks N. Star Borough, 569 P.2d 168 (Alaska 1977)). A plaintiff in a Bivens action must prove that, not only has the Defendant committed a constitutional violation, but also that the violation caused "actual injury." Memphis Community Sch. District v. Stachura, 477 U.S. 299 (1986); Carey v. Piphus, 435 U.S. 247 (1978).[1] Likewise, in a claim for intentional infliction of emotional distress (IIED), a plaintiff must prove that the Defendant's conduct caused severe emotional distress. Chizmar v. Mackey, 896 P.2d 196, 208 (Alaska 1995) ("[O]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to

---

[1] Stachura and Carey are cases decided under 42 U.S.C. § 1983 but have been applied to Bivens actions as well. See Hobson v. Wilson, 737 F.2d 1, 60 (D.C. Cir. 1984); Doe v. District of Columbia, 697 F.2d 1115, 1123 ( D.C. Cir. 1983).

another is subject to liability for such emotional distress. . . ." Chizmar, at 208 (citations omitted)). Thus, a Defendant in a Bivens or IIED case is subject to liability for the damages the Defendant caused. Although neither cause of action is based on the negligent conduct of the Defendant, the traditional negligence based elements of causation and damages are similarly appropriate in Bivens and IIED cases. The jury (in the Bivens action) should be instructed that it is its duty to determine an appropriate division of the amount of damages attributable to all of the legal causes of Mrs. Shepherd's damages.

As for the requirements of legal cause, Alaska recognizes the substantial factor test derived from the Restatement (Second) of Torts § 431 (1965):

> The actor's conduct is a legal cause of harm to another if (a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.

Vincent v. Staton, 862 P.2d 847, 851 (Alaska 1993) (citing Restatement (Second) of Torts § 431 (1965).

It is not unusual for there to be more than one legal cause, or more than one actor who causes damages to a plaintiff in a particular case. This is true whether the person (or group of persons) causing damages are tortfeasors or not. Although Alaska has not yet formally adopted all the Restatements, the Restatements can

provide guidance to courts. Restatement (Third) of Torts: Apportionment Liab. § 26(d) (2000) states:

> Divisible damages can occur in a variety of circumstances. They can occur when one person caused all of the damages and another person caused only part of the damages. They can occur when the parties caused one part of the damages and nontortious conduct caused another part. They can occur when the nontortious conduct occurred before or after the parties' tortious conduct. They can occur in cases involving serial injuries, regardless of the length of time between the injuries. They can occur when the plaintiff's own conduct caused part of the damages.

In Motalvo v. Lapez, 884 P.2d 345 (Hawai'i 1994), the Court recognized that under Hawaiian law damages were divisible, and it grappled with how to deal with a Plaintiff who had pre-existing medical condition and had been in several accidents and incidents before and after the automobile accident at issue. Id. at 347-48. It concluded that "if Montalvo's pre-existing condition was not fully resolved or not dormant or latent at the time of the City accident, then the jury must apportion. Id. at 363. As to the post accident injuries, the court found that "[t]he City cannot be held fully liable for damages caused by subsequent incidents (unless the City accident was the legal cause of the subsequent incidents)." Id.

Where there are distinct harms, or a reasonable basis for division of a single harm, the damages should be apportioned between the damages caused by the

Defendant and the damages attributable to other causes. See Spruce Equipment Co. v. Maloney, 527 P.2d 1295, 1298 (Alaska 1974) (containing a favorable discussion of the Restatement's position that damages should be apportioned and plaintiff barred from recovering an amount of damages attributable to his own negligence); Alaska Stat. § 09.17.080, Apportionment of Damages (Apportionment of damages in actions involving fault of more than one person). Alaska cases have held a Defendant liable only for the amount of harm actually caused by his conduct in cases where the plaintiff had a pre-existing condition. LaMoureaux v. Totem Ocean Trailer Express, Inc., 632 P.2d 539, 544-45 (Alaska 1981) (noting that although the plaintiff must offer evidence to allow the jury to apportion damages as between a pre-existing injury and the effects of the Defendant's negligent conduct, the jury should be allowed to "make the best guess they can at apportionment"). Accord Tolan v. Era, Helicopters, Inc., 699 P.2d 1265, 1271-72 (Alaska 1985) ("Whether the pre-existing condition is asymptomatic or symptomatic is not determinative of who bears the burden of proof in apportioning damages. Rather, in *LaMoureaux* this court held that the burden should be borne by the plaintiff as long as the plaintiff's injuries can in fact be roughly apportioned between the pre-existing condition and Defendant's

negligence.").

In the case at hand, Mrs. Shepherd claims that she is an eggshell skull Plaintiff. See Docket 108, at 6 ("The Plaintiff asserts that Ms. Shepherd is the classic eggshell skull Plaintiff under the doctrine first discussed in Vosberg v. Putney, 50 N.W. 403 (Wis. 1891), and adopted by Alaska in Alaska Civil Pattern Jury Instruction 20.11 regarding the 'Aggravation of Pre-Existing Condition or Disability.'"). If so, the Defendants should only be responsible for the aggravation of the pre-existing condition.

In the present case there will be evidence presented about other distinct, divisible, nontortious events which should be considered by a jury (in the Bivens action) as a substantial factor in causing Mrs. Shepherd's continuing emotional distress or Post Traumatic Stress Disorder (PTSD). Mrs. Shepherd testified that the night Mr. Shepherd tried to kill himself she was close to being crazy and could not drive because her hands were shaking. Def. Trial Ex. D-3 at 44. She was traumatized about making a statement the night of the attempted suicide. Id. at 40. Awhile after the attempted suicide, Mr. Shepherd testified that he contacted a lawyer about getting a divorce and spoke with Mrs. Shepherd about this. Def. Trial Ex. D-4 at 51-2. In addition, the Shepherds had a significant fire in their

home which was not quickly repaired, Id. at 12.  There are also points of contention in the marriage, for example, Mrs. Shepherd wants her husband to leave the military and he loves his job.  Def. Ex. 4 at 47.

    Mrs. Shepherd met with the Defendants' expert witness, Dr. Sperbeck, a clinical psychologist, and she told him about other incidents which caused her stress.  She told him that when she was 13, she was present when her cousin accidently shot himself to death, while he was next to her.  Def. Trial Ex. 11 at 4 (SPER 119).  She was also told on the night of the attempted suicide that her husband had killed himself.  Id. at 2 (SPER 117).  She said it was the worst night of her life.  Id. at 3 (SPER 118).  It is expected that Dr. Sperbeck will testify in accordance with his report, that Mrs. Shepherd has a severe psychological disturbance of long standing duration.  Id. at 8 (SPER 123).  Moreover, he will testify that her PTSD was caused by Plaintiff learning (incorrectly, it turns out) that her husband was dead.  Id. at 9 (SPER 124).

    Thus, the Defendants plan to present evidence that there are other events in Mrs. Shepherd's life that contributed to her emotional state and that learning that Mr. Jakeway viewed the videotape, is but one of many events.  Ms. Shepherd had pre-existing emotion distress stemming from the event on November 18, 2000, and

this happened approximately one month prior to the event Plaintiff claims caused her emotional distress.  See Docket 108, at 2-3.

Apportionment of damages is appropriate in cases of multiple tortfeasors and in cases where the Plaintiff has a pre-existing injury.  There was no tortious act involved in the mistaken communication to Mrs. Shepherd that her husband was dead or when her husband informed her that he wanted a divorce.  However, each of these distinct events was potentially a substantial factor in causing Plaintiff's emotional distress.   The Defendants should be allowed to present evidence of these and any other events that could reasonably be considered as substantial factors in causing Plaintiff's damages.

## CONCLUSION

For the reasons stated above, the Defendants should be allowed to present evidence of legal causes for Ms. Shepherd's emotional distress other than her learning of Agent Jakeway's viewing of the video tape.  The jury should be informed of these legal causes and instructed on apportionment of damages in accordance with the directions provided in Tolan.

Respectfully requested this 19th day of July, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2006,
a copy of the foregoing DEFENDANTS'
RESPONSE IN OPPOSITION TO PLAINTIFF'S
SUPPLEMENTAL BRIEF RE:
CAUSATION ISSUES AT
DOCKET 145 was served
electronically on Yale H. Metzger,
and by U. S. Mail on:

LeRoy E.DeVeaux.
701 W. 41st Ave., Suite 201
Anchorage, AK 99503-6604

s/ Susan J. Lindquist