Yale H. Metzger
Alaska Bar No. 9512082
Law Offices of Yale H. Metzger
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone (907) 258-4110

LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
Telephone (907) 565-2906

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>   Plaintiff,<br><br>v.<br><br>MILTON J. JAKEWAY, and<br>UNITED STATES OF AMERICA,<br><br>   Defendants. | Case No. A01-333 Civil (JKS) |

REPLY TO OPPOSITION TO
MOTION IN LIMINE AND MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
RE DEFENDANTS' ATTEMPT TO APPORTION FAULT TO NON-PARTY IN
CONTRAVENTION OF A.S. 09.17.080(a) (ALASKA TORT REFORM)

Elisha Shepherd, through her attorneys, submits the following as her reply to the Defendants' opposition to her Motion in Limine and Memorandum in Support of Motion in Limine regarding the Defendant's effort to apportion fault to Charles Shepherd who has not been made a party to the captioned law suit.

The Defendants admit that they cannot allocate fault in contravention of A.S. 09.17.080. (Opposition Brief, Docket 157.) The Defendants agree "Charlie Shepherd did not participate in the alleged torts." (Docket 157, p. 3.) The Defendants then argue that nobody is legally at fault, pursuant

1

to A.S. 09.17.080, for the emotional distress the Plaintiff suffered. Yet, the only non-fault based argument that the Defendants argue forms their basis for attempting to allocate fault for Ms. Shepherd's emotional distress is that her husband asked for a divorce. This argument ignores that it was the fallout of the conduct of the Defendants that caused the Plaintiff's husband to ask for a divorce. Thus, the Defendants still seek to allocate fault for the Plaintiff's emotional distress to that caused by Mr. Shepherd's conduct on the night of November 18, 2000 without naming Mr. Shepherd as a party. The conduct the Defendants allege Charles Shepherd engaged in on the night of November 18, 2000 was certainly actionable in tort by Ms. Shepherd as battery, negligent and intentional infliction of emotional distress.

    The Defendants do not dispute that (1) Charles Shepherd is not a party to the captioned action, and (2) they had years to seek to make Charles Shepherd a party to the captioned case. The Defendants argue that fault should be apportioned to Charles Shepherd for his wife's emotional distress stemming from the events of November 18, 2000, notwithstanding their admission that "under state law, a party cannot allocate a percentage of fault to a non party." (Docket 157, p. 3.)

    The Defendants expert reports that he believes that the Plaintiff suffers from post traumatic stress disorder, but opines that the disorder is caused by the conduct of the Plaintiff's husband Charles Shepherd instead of the Defendant.

    The Defendants' expert Dr. Sperbeck admits in his report and deposition that Elisha Shepherd has suffered emotional

distress serious enough to rise to the level of post traumatic stress disorder. Dr. Sperbeck disputes that Ms. Shepherd's emotional distress and post traumatic stress disorder was the fault of the Defendants in the captioned case, and attributes its fault to her husband Charles Shepherd. This is an attempt to apportion fault for Ms. Shepherd's emotional distress to a non-party.

However, the Defendants knew the identity of Charles Shepherd since the outset of the captioned case as it was Charles Shepherd's conduct that caused the Defendants to be present in the Shepherd residence in November 2000 when Milton Jakeway viewed a private video tape depicting Elisha Shepherd and her husband engaged in sexual relations. The Defendants had sufficient opportunity to join Charles Shepherd as a defendant in the captioned case because he was within the jurisdiction of the Court, he was not precluded from being joined by law or court rule, and he was reasonably locatable.

The purpose of A.S. 09.17.080(a) was to prevent Defendants from attempting to apportion fault to persons who were absent from the proceeding when there was sufficient opportunity to join that person.

The captioned case presents the exact situation that the Alaska Legislature contemplated when it enacted AS 09.17.080(a). Since the Defendants did not join Mr. Shepherd, under Alaska law, they cannot now blame him for the injuries Ms. Shepherd claims in the captioned law suit and attempt to apportion fault to him.

The Alaska Supreme Court recently held that fault cannot be apportioned or allocated in an intentional tort claim unless the party to whom fault is allocated committed the same tort as the defendant. <u>Domke v. Alyeska Pipeline Service Co.</u>, Opinion No. 6018, June 16, 2006. As such, fault for Ms. Shepherd's emotional distress in the present case cannot be allocated to either Charles Shepherd or the Plaintiff since neither Ms. Shepherd nor her husband could have committed a constitutional tort against themselves or inflicted emotional distress on Ms. Shepherd by conducting an illegal search of their own property.

Because fault for Ms. Shepherd's emotional distress and post traumatic stress disorder cannot be allocated or apportioned to either her or her husband, any reference to emotional distress caused by Charles Shepherd is irrelevant and more prejudicial that probative. Based on the foregoing, any reference to emotional distress caused by Charles Shepherd should be excluded from both testimony and argument.

**DATED** this 7th day of August 2006 at Anchorage, Alaska.

The Law Offices of Yale H. Metzger
Attorney for the Plaintiff

Yale H. Metzger
Alaska Bar No. 9512082

DeVeaux & Associates
Attorney for the Plaintiff

LeRoy E. (Gene) DeVeaux
Alaska Bar No. 7310040

A true and correct copy of the foregoing was delivered electronically to the following this 7TH day of Anchorage 2006:

Susan Lindquist, Esq.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, No. 9, Room 253
Anchorage, Alaska 99513-7567

*/s/ Yale H. Metzger*
Yale H. Metzger