Yale H. Metzger
Law Office of Yale H. Metzger
Alaska Bar No. 9512082
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
(907) 258-4110

LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Ave., Suite 201
Anchorage, Alaska 99503
(907) 565-2906

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MILTON J. JAKEWAY et al. | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. A01-333 CIVIL (JKS) |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF ON THE ISSUE OF CAUSATION

The government in its Opposition Brief dated the 19th day July, 2006, states on

page 2 beginning at line 9 as follows:

> A Plaintiff in a *Bivens* action must prove that, not only has the Defendant committed a constitutional violation, but also that the violation caused 'actual injury.' *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986); *Carey v. Piphus*, 435 U.S. 247 (1978).

This analysis is exactly the kind of analysis that Justice Marshall in his concurring opinion in *Memphis Community School District v. Stachura* clearly stated was not the proper reading of the *Carey v. Piphus* opinion.

> I agree with the Court that this case must be remanded for a new trial on damages. Certain portions of the Court's opinion, however, can be read to suggest that damages in § 1983 cases are necessarily limited to 'out-of-pocket loss,' 'other monetary harms,' and 'such injuries as 'impairment of reputation ..., personal humiliation, and mental anguish and suffering.' See *ante*, at 307. I do not understand the Court so to hold, and I write separately to emphasize that the violation of a constitutional right, in proper cases, may itself constitute a compensable injury.

Three other Justices, Justice Brennan, Justice Blackmun, and Justice Stevens joined Justice Marshall in his concurring opinion that the injury to constitutional protected interest could in "itself constitute a compensable injury";

> ...First Amendment- protected interest could itself constitute compensable injury wholly apart from any 'emotional distress, humiliation and personal indignity, emotional pain, embarrassment, fear, anxiety, and anguish' suffered by Plaintiff's. *Memphis* at 315.

In fact the concurring opinion goes on to state that the Justices found no reason that such an injury should not be given compensable damages. The Court's only warning was that the jurors had to focus on the loss sustained by the Plaintiff and not invite the jury to base any reward on the jury's speculation as to the inherent value of the right itself. The Alaska Supreme Court appears to agree. *Zok v. State*, 903 P.2d 578 (Alaska 1995). The Alaska Supreme Court in *Zok* held that when constitutional right has been violated, there should be at least nominal damages, but the court points out that there are two types of awards for nominal damages;

> (1) a 'trifling or token allowance' for a technical invasion of a plaintiff's rights or a breach of a legal duty when no actual injury is shown, or (2) "the very different allowance" made when actual loss or injury is shown, but plaintiff has failed to prove the extent and amount of damages. Citation omitted.

The Alaska court then discusses only the first type of nominal damages but does not discuss the second type when actual loss or injury is shown but the plaintiff has failed or cannot prove the extent or amount of such damages. In discussing this second type of damages the *Restatement Second of Torts* § 907 comment: c., states that in many of these types of cases where the injury occurs to a person;

> the trier of fact is permitted to award substantial damages although there is no specific evidence of the extent of harm.

Professor Dobbs in his Hornbook on Tort Law sums up the common law as follows:

> *Dignitary harm without physical harm.* When the trespassory tort causes no physical harm, the traditional tort rule is that the plaintiff can nevertheless recover substantial as distinct from nominal damages. The idea is loosely linked to the idea of mental distress, but no actual proof of mental distress is required. The invasion of the plaintiff's rights is regarded as a harm in itself and subject to an award of damages. If the plaintiff suffers emotional distress as a result of any of these torts, even without physical harm, she is entitled to recover for that emotional distress as a separate element of damages. *Dobbs, The Law of Torts* § 42 (2000)

The Defendants cite *Doe v. District of Columbia et al.*, 697 Fed.2d 1115 (D.C. Circuit 1983), which in fact seems to follow the Common Law Rule as noted by Professor Dobbs in his Hornbook on Tort Law and Justice Marshall's concurring opinion in *Memphis Community School,* (Doe at 1124 including footnotes 24 and 25). The government also cites *Hobson v. Wilson* 737 Fed.2d 1 (D.C. Circuit 1984) which again

supports the Plaintiff's position. At page 62 of the District Court's opinion in *Hobson* the court includes in its elements of compensable injury humiliation, embarrassment, indignity, among other mental components. The Circuit Court states that these are compensable injuries and the jury may award substantial damages for these injuries based on the Plaintiff's testimony alone. It is particularly noteworthy that at footnote 177 on page 62 of the *Hobson* opinion that the court cites the *Restatement* definition of humiliation as a person's feelings of degradation or inferiority.

The government also cites the *Restatement Third of Torts* § 26 (d)(2000). There is no § 26 (d) of the *Restatement Third of Torts* however, the quotation that the government supplied to the court comes from § 26 of the *Restatement Third of Torts* comment f. found on page 324 of the *Restatement Third of Torts*. Comment g. of § 26 states unless damages and injuries are proved by sufficient evidence to be divisible they are indivisible and cannot be divided. Comment h. of § 26 states that burden of proof and the sufficiency of evidence is placed on the Defendant or other parties seeking to avoid responsibility for the entire damage. The court should note that the *Restatement Third of the Law of Torts* "addresses issues of apportioning liability among two or more persons." *Restatement Third of Torts* § 1. That's what the whole *Restatement Third of the Law of Torts* address. Notwithstanding the position of the *Restatement*, the legislature of the State of Alaska in AS 09.17.080 (2) does not allow the Defendants to allocate fault to Charles Shepherd. They knew who he was. He was within the jurisdiction of court. He was not precluded from being joined. Not only was he

reasonably locatable, he was and is under the complete control of the United States Army. They cannot apportion the damages or fault as they are statutorily prohibited. They are trying to do so by calling it causation and trying to use proximate cause negligence analysis to do so.

> Although neither cause of action is based on the negligent conduct of the Defendant, (sic) the traditional negligence based elements of causation and damages are similarly appropriate in *Bivens* and **IIED** cases. *Defendants Brief in Opposition page 3 beginning at line 3*

The court should note that the Defendants do not cite any authority. The reason there is not a citation is that the law is opposite. Every first year law student learns that negligence concepts, particularly proximate cause, are not concepts used in the analysis of an intentional torts. *Restatement of 2nd of Torts* §§ 430 and 431. This is not, as the Defense has recognized, a negligence case.

The government also cites *Montalvo v. Lapez*, 884 P.2d 345 (Hawaii 1994) on page 4 of its opposition and brief at lines 17 and 18. Apportionment law is very different in Hawaii than it is in Alaska. Under Hawaii law damage and causation can be apportioned among even <u>non parties</u>. Not so in Alaska. *Restatement Third of the Law of Torts* § 17 page 157. In Hawaii if a Defendant's comparative responsibility is equal to or greater than 25% that Defendant is jointly and separately liable for a non economic damage. Not so in Alaska. The Defendants also cite *Spruce Equipment Company v. Malony* 527 P.2d 1295 (Alaska 1974); *LaMoureaux v. Totem Ocean Trailers Express Inc.*, 632 P.2d 539 (Alaska 1981) and *Accord: Tolan v. Era Helicopters, Inc.*, 699 P.2d 1265 (Alaska 1985) all cases prior to AS 09.17.080 Those cases are in regard to

apportionment of damages are therefore not authority. The question must be asked: what is the government trying to do? The government is trying to apportion where it may not apportion as it has failed to abide by AS 09.17.080.

On page 9 of the Defendants expert Dr. David J. Sperbeck Ph.D.'s report, Dr. Sperbeck states:

> The fact that strangers may have viewed portions of this sex videotape <u>offended and embarrassed</u> Mrs. Shepherd, but did not create a mental disorder. <u>At worst, it is conceivable that these circumstances magnified her preexisting social anxieties and fears of criticism/rejection.</u> [Emphasis added]

In addition, Dr. Sperbeck in his deposition, when asked if the Plaintiff was fragile, he answered beginning on page 9 at line 24:

> Answer: Well, she's definitely fragile, fragile meaning she's prone to depression, prone to anxiety reactions, on a long term basis she has been, basically since adolescent at least, possibly before that. But ...
> Question: Okay
> Answer: She is definitely a very - in my diagnostic impression, she has a personality disorder, long standing dependant personality disorder with avoidant and depressive features, which essentially makes her vulnerable to suffering depression on a long term basis. Anxiety reactions make her vulnerable to being manipulated and controlled and so forth.

When further questioned at page 13 beginning at line 14 Dr. Sperbeck states:

> Answer: Right. I'm familiar with the concept of the 'eggshell skull personality' or the 'take the client as you find them' principle of law.
> Question: So that someone who is fragile in the first place would be effected much differently than someone who is not; Is that correct?
> Answer: Certainly trauma, disappointment, stress effect people differently. Certainly.

If the tort principle that the Defendant takes the Plaintiff or his victim as he finds him means anything at all, then the Defendants cannot escape the damages they have caused

by the violation of the Plaintiff's constitutional and privacy rights. The fact that the Plaintiff, since possibly before adolescence had a fragile personality, resulting in her greater reaction and injury from being "offended and embarrassed" by Defendant's viewing the tape, is a clear example of the eggshell doctrine. Defendant's own expert says that " it is conceivable that these circumstances magnified her preexisting social anxieties and fears of criticism/rejection" is again a clear example of the eggshell skull rule. It is noteworthy that the very words Defendants' expert Dr. Sperbeck uses in his report and his deposition to describe the Plaintiff's injuries from the Defendants' viewing of this tape are words also used by Justice Marshall in *Memphis Community School District* and the Court of Appeals in *Hobson*.

DATED this _____ day of August, 2006.

BY: _____
LeRoy E. DeVeaux
Alaska Bar No. 7310040
Co-counsel for the Plaintiff

BY: _____
Yale H. Metzger
Alaska Bar No. 9512082
Attorney for the Plaintiff

CERTIFICATION

This is to certify that on the 2nd day of August, 2006, a copy of the foregoing document was delivered electronically to:

Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567

Eugene A. DeVeaux