IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>        Plaintiff,<br><br> vs.<br><br>MILTON J. JAKEWAY, and UNITED STATES OF AMERICA,<br><br>        Defendants. | Case No. 3:01-cv-00333 (JKS)<br><br>O R D E R |

   This is an action for damages resulting from the viewing of a private videotape by a criminal investigator for the military. The Court has previously ruled on summary judgment motions brought by both parties. *See* Docket No. 39 (August 8, 2003). Much later, the parties jointly moved for clarification of the Docket No. 39 Order. *See* Docket No. 127 (March 14, 2006). With the trial date approaching, the Court opted not to enter a written response, but rather, to hear from the parties in person at the time and date already set for the final pretrial conference. The final pretrial conference took place on May 8 & 9, 2006. At its conclusion, the Court vacated the trial date (since reset for November 27, 2006), invited the parties to submit supplemental briefing on the plain view exception to warrantless searches, invited the parties to file motions in limine regarding fault and causation, and granted motions in limine for both parties.

   Now before the Court are: motions for relief from the orders in limine, at Docket Nos. 140 and 143; a separate brief and motion in limine on the causation/apportionment of fault issue raised on May 9th, at Docket Nos. 144 and 145; and, supplemental briefing on the original motion to clarify mentioned above, in various styles, primarily located at Docket Nos. 142 and 146.

   **Motions for Relief from Orders in Limine**

   At the final pretrial conference conducted on May 9, 2006, the Court granted a motion in limine in favor of Ms. Shepherd precluding the Defendants from mentioning the presence of commercial adult videotapes in the Shepherd home in front of the jury during voir dire or

opening statements. The Court also ruled that if Ms. Shepherd mentioned owning commercial adult videotapes during the course of her testimony, cross-examination on the subject would be permitted.

The Government has moved for relief from this Order. Docket No. 140. Ms. Shepherd opposes. Docket No. 150. The Government maintains that evidence that Ms. Shepherd owned commercial adult videotapes will not being used to show her propensity, or character, for such behavior (which would make the evidence inadmissable under Fed. R. Evid. 404), but rather, to undermines her own assertion of modesty, which is at issue in her tort claim for emotional distress. The Court relies upon Fed. R. Evid. 403 and 404 for the proposition that to the extent such evidence might have relevance beyond establishing propensity, potential prejudice outweighs any probative value such evidence may have. In other words, the Court continues to believe, based upon the current state of the record, that the danger exists that such evidence might produce an adverse emotional reaction in a juror and, in any event, would unduly prolong the trial without adding to the probative value of either parties' position. The motion at **Docket No. 140** is **DENIED**. If the Government believes events at trial shift the balance under Rule 403, it may bring up the matter outside the presence of the jury.

On May 9, 2006, the Court also granted a motion in limine in favor of Mr. Jakeway that precludes the Plaintiff from introducing evidence that Mr. Jakeway has purchased and/or rented adult videotapes. Plaintiff has moved for relief from this Order, which the Government and Mr. Jakeway oppose. Docket Nos. 143; 154. Plaintiff maintains that this evidence will not be used impermissibly under Fed. R. Evid. 404(b) to demonstrate Mr. Jakeway's character, but for the permissible purpose of demonstrating his motive for viewing the videotape in Ms. Shepherd's home. As above, the Court continues to believe that evidence of this sort is more prejudicial than probative and that considerations of undue delay and waste of time cut against its admissibility. The motion at **Docket No. 143** is **DENIED**. Again, the Court emphasizes that it is ruling on the current state of the record. It very well may be that events at trial would permit Ms. Shepherd to revisit the issue at an appropriate time when the jury is not present.

ORDER

**Motion in Limine**

Ms. Shepherd moves *in limine* for an order precluding the Defendants from apportioning fault to Mr. Charles Shepherd. Docket No. 144. Defendant opposes, and Plaintiff has replied. Docket Nos. 157 (opp'n); 164 (reply). Plaintiff's motion is based upon an Alaska statute that prohibits defendants from allocating fault to absent defendants who could have been joined in the action. A.S. 09.17.080(a). The Government agrees that under state law a party cannot allocate a percentage of fault to a non-party, but wishes to defend against Ms. Shepherd's claim of intentional infliction of emotional distress by showing other possible causes for her distress. Plaintiff contends that this is an attempt to apportion fault to a non-party. The motion at **Docket No. 144** is **DENIED**. Plaintiff bases her tort claim for emotional distress on the arguably impermissible action of Mr. Jakeway. Mr. Shepherd did not participate in this conduct, and therefore cannot be allocated fault for any harm that may have resulted from Mr. Jakeway's conduct.

This Order is limited to the apportionment of fault. It is not intended to govern the scope of cross-examination of either Ms. Shepherd or any mental health expert she presents. The Court cannot determine the proper scope of such cross-examination until it hears the direct examinations. The parties may seek guidance on the appropriate scope of cross-examination after direct examination is completed.

**Supplemental Briefs**

On a related topic, Plaintiff presents a supplemental brief regarding causation. Docket No. 145. This, too, is ripe for a ruling. *See* Docket Nos. 158 (opp'n); 165 (reply). Plaintiff is concerned that the Court is misapplying negligence principles to the intentional tort presented in this case. The thrust of Plaintiff's briefing ultimately ends up a recapitulation of the motion in limine discussed above. *See* Docket No. 165 at 8 ("They cannot apportion the damages or fault as they are statutorily prohibited. They are trying to do so by calling it causation and trying to use proximate cause negligence analysis to do so."). Plaintiff misapprehends the law of causation.

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2001\A01-0333.016.wpd

Causation exists in intentional and constitutional torts, as well as damages. *See, e.g.,* Ninth Circuit Model Jury Instruction (Civil) 11.1 ("the acts or omissions of the defendant were the *cause* of the deprivation of the plaintiff's right . . ."); Alaska Civil Pattern Jury Instruction 20.11 ("[w]here a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional damages *caused* by the aggravation") (emphasis added). While it is true that Defendants may not apportion fault to Mr. Shepherd under the state statute, the Defendants are permitted to attempt to show that a violation of constitutional rights or commission of an intentional tort did not cause Ms. Shepherd's claimed damages. Alaska employs the "substantial factor" or "but for" definitions of legal cause. *See* Alaska Civil Pattern Jury Instructions 03.06, 03.07, and 03.08. The Court does not expect a jury to evaluate Ms. Shepherd's mental or physical state in a vacuum. Although not technically styled as a motion, the request at **Docket No. 145** is **DENIED.**

Finally, the Court turns to supplemental briefing submitted by the parties on the issue of the legality of the search of the videotape at issue in this case. As requested by the Court, the parties filed the supplemental briefing simultaneously. Docket Nos. 142 (Plaintiff's Supplemental Brief); 146 (United States' Motion to Establish that the Videotape was Legally Searched). However, the Defendants filed their supplemental briefing as a motion, which has led to a somewhat confusing, and seemingly endless, series of filings. In response to the motion at Docket No. 146, Plaintiff submitted an opposition, motion to strike (or, alternatively, motion for relief under Rule 56(f)), and a cross-motion for summary judgment. Docket No. 149. In addition, Plaintiff has separately filed (perhaps due to requirements associated with the CM/ECF electronic filing system): a cross-motion and memorandum for summary judgment at Docket Nos. 159 and 160; a motion to strike, or for Rule 56(f) relief, at Docket No. 161; and, an opposition at Docket No. 162. Each of these subsequent filings is identical to Docket No. 149.

The Court gave the parties leave to file supplemental briefs. *See* D. Ak. LR 7.1(h). The time for filing motions and for discovery has passed. The Court will therefore deny Defendant's

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2001\A01-0333.016.wpd    4

request to file an untimely second motion for summary judgment.[1]  However, the portion of the motion at Docket No. 146 not dealing with the search incident to arrest exception will satisfy the Court's request for supplemental briefing.  Likewise, the Court will consider Docket No. 142 and the portion of Docket No. 149 relating to plain view searches (they are substantially similar) on behalf of the Plaintiff.  The Court will not consider responses filed to the extraneous motions mentioned above.

With the benefit of the supplemental briefing provided by the parties, the Court clarifies its Order at Docket No. 39 as follows:

Jakeway is not entitled to qualified immunity.  The test for establishing qualified immunity is twofold:  (1) whether the alleged facts, from plaintiff's view, establish that the defendant violated the plaintiff's constitutional rights; and, if so, (2) whether the right was clearly established within the specific context of the case from the point of view of a reasonable official.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The Court has previously explored these questions in depth, and answered both in the affirmative.  *See* Docket No. 39 at 5-14.  Therefore,

---

[1]  The Court is of the view that the search incident to arrest exception to the warrant requirement presented in this motion would not provide relief to Agent Jakeway in this case.  This exception permits warrantless searches within reach of the arrestee for weapons or evidence.  *See, e.g., Chimel v. California*, 395 U.S. 752, 763 (1969).  While obviously not a weapon, it was not at all obvious that the video in question was evident of criminal activity or within arm's reach of Mr. Shepherd, who was found on the bed, under the covers, with a rifle to his chin (Docket No. 27 at 3–4).  *See, e.g., United States v. Hudson*, 100 F.3d 1409, 1420 (9th Cir. 1996) (rifle case found near defendant's feet at the time of arrest was permissibly searched incident to arrest after defendant removed from bedroom; court not willing to apply this exception to the glassware found in the same room because the physical distance between it and the defendant was unclear).  In addition, the parties have failed here, as well as on the plain view exception, to fully recognize and appreciate the distinction between the search of a home and the search of an automobile, which are treated differently by the courts for purposes of the warrant requirement.  *See, e.g., South Dakota v. Opperman*, 428 U.S. 364, 367 (1976) ("Besides the element of mobility, less rigorous warrant requirements govern [autos] because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office.").

ORDER

the motions at **Docket No**s. 27 and **146** requesting qualified immunity for Jakeway are **DENIED**.

Turning then to Ms. Shepherd's *Bivens* claim against Jakeway, such a claim has two essential elements: (1) the plaintiff must show that the defendant was acting under color of federal law and (2) the plaintiff must show that the defendant violated the plaintiff's constitutional rights. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003). As to the first element, there is no dispute that Jakeway was acting under color of federal law. As to the second element, Shepherd alleges that Jakeway violated her right to be free from unreasonable search and seizure when he viewed a videotape found in her bedroom without a warrant. *See* Docket No. 17 (Amended Complaint).

Freedom from unreasonable search and seizure is protected by the Fourth Amendment to the United States Constitution. Jakeway lawfully entered the Shepherd home on Fort Richardson, Alaska, on a report that Mr. Shepherd had a rifle to his chin and was threatening to commit suicide. Following Mr. Shepherd's detention and removal from the bedroom and home, Ms. Shepherd consented to a weapons search of the home. It was during this search that Jakeway saw the videotape in question on the bedroom floor between the gun cabinet and the wall, picked it up, inserted it into a video player, viewed it, realized it was personal in nature, and then returned it to the bedroom floor. While the seizure of a container may be valid under certain circumstances if located in plain view, a warrantless search of the contents of that container is typically illegal unless the contents are obvious based on the outward appearance of the container. *See Horton v. California*, 496 U.S. 128, 136–37 (1990) (articulating "immediate apparency" prong of the plain view exception to warrant requirement). The Court has already undertaken and applied the plain view exception and found that Jakeway violated Shepherd's Fourth Amendment right when he viewed the videotape. *See* Docket No. 39 at 7–13.

Although the Court has found Jakeway liable to Shepherd and sustained the *Bivens* claim, Shepherd's case does not end there. Shepherd still must prove her damages by a preponderance of the evidence. *See Carey v. Piphus*, 435 U.S. 247, 254–55 (1978) (compensatory damages for actual injury available upon proper proof). Compensatory damages may be awarded for emotional and mental distress as well as for pecuniary loss. *See, e.g., Memphis Community School Dist. v.*

*Stachura*, 477 U.S. 299, 307 (1986); *and Flores v. Pierce*, 617 F.2d 1386, 1392 (9th Cir. 1980).  Of course, even if Shepherd fails to demonstrate actual monetary damages, because the Court has ruled that the constitutional violation occurred, nominal damages are permitted.  *See Farrar v. Hobby*, 506 U.S. 103, 112).  In addition, a jury may be instructed on punitive damages in actions brought under 42 U.S.C. § 1983.  *See Smith v. Wade*, 461 U.S. 30, 35–36 (1983).  The defendant's conduct must be shown to be evil, reckless, or callously indifferent to the federally protected rights of others before a jury can award these kind of monetary damages.  *Id*. at 56.  Nevertheless, Shepherd's original motion for summary judgment at Docket No. 21 should have been granted in part, as to liability only, leaving the damages to be determined by the trier of fact.[2]  To that extent, the motion at **Docket No. 142** is **GRANTED**.

Finally, as the Court has already stated at Docket No. 39, the only other issue remaining for trial is Shepherd's claim for intentional infliction of emotional distress ("IIED").  The IIED claim is based on facts beyond those that support her *Bivens* claim, in particular, the material fact regarding whether or not the videotape in question was labeled.

**IT IS THEREFORE ORDERED**:

In addition to the above, the motions at **Dockets Nos. 159** and **161** are **DENIED AS MOOT.**  The motions for extension of time to file responses to the aforementioned motions, at **Docket Nos. 167 and 168** are also **DENIED AS MOOT**.  Trial remains scheduled to begin on **Monday, November 27, 2006** at **9:00 a.m.**, the final pretrial conference having been held May 8 & 9, 2006.

Dated at Anchorage, Alaska, this 24th day of August 2006.

/s/ James K. Singleton, Jr.

**JAMES K. SINGLETON, JR.**
United States District Judge

---

[2]The Court believes this ruling was embedded in the body of the Order at Docket No. 39, but admits that the conclusion at page 18 was less than clear, and apologizes to the parties for any delay the apparent confusion has caused.

ORDER