NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MILTON J. JAKEWAY and the UNITED STATES OF AMERICA,<br><br>　　　　　　Defendants. | Case No. 3:01-cv-00333-JKS<br><br>**MOTION TO ESTABLISH THE LAW REGARDING THE AVAILABILITY OF AN ATTORNEY FEE AWARD** |

　　　The United States and Milton Jakeway, through counsel, move to dismiss any claims for attorney fees on the basis that there is no waiver of sovereign immunity for a claim against the United States to pay attorney fees in a case brought against a federal employee in his individual capacity pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("*Bivens*").

In addition, the United States has not waived sovereign immunity for a claim for attorney fees in a claim brought pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2678.

## FACTS

After motion practice, Ms. Shepherd has two remaining claims: a FTCA claim for the intentional infliction of emotional distress against the United States and a *Bivens* claim for damages for the violation of her Constitutional rights against Mr. Jakeway. The District Court ruled that Mr. Jakeway violated Ms. Shepherd's constitutional rights when he viewed a videotape which he found in the bedroom where her husband was arrested. Docket 170. As such, she must be awarded something after evidence is presented about her damages.

## ANALYSIS

I. **EAJA DOES NOT ALLOW FOR AN AWARD OF ATTORNEY FEES BECAUSE A *BIVENS* CASE IS BROUGHT AGAINST AN INDIVIDUAL AND NOT THE UNITED STATES**

Shepard claims a right to a separate award of attorney fees for prevailing on the *Bivens* claim for violation of her constitutional rights. She claims that the Equal Access to Justice Act ("EAJA"),28 U.S.C. § 2412 provides the legal authority to award fees against the United States.

The EAJA authorizes attorneys' fees to be awarded to a prevailing party in any civil action "brought by or against the United States." 28 U.S.C. 2412(d)(1)(A). The EAJA defines the United States as "any agency and any official of the United States acting in his or her official capacity." 28 U.S.C. 2412(d)(2)(C). Bivens actions are actions against federal officials in their individual capacities. See Bivens, 403 U.S. at 411.

In Kreines v. United States, 33 F.3d 1105 (9th Cir. 1994), the Ninth Circuit denied attorney fees in a case where a Plaintiff ("Kreines"), who had been awarded a $14,000 judgment in a *Bivens* action based on violation of her Fourth Amendment rights, had petitioned for attorneys' fees of approximately $242,500 under the EAJA. First, she argued that the EAJA's reference to "acting" in an official capacity refers to the capacity in which a federal official was acting when the official engaged in tortious conduct, not the capacity in which the official is sued. 33 F.3d at 1107. Because a *Bivens* claim requires a showing that the federal official named as a defendant was acting "under color of federal law," plaintiff contended that federal agents against whom a *Bivens* claim is brought must have been acting in their official capacities within the meaning of the EAJA.

The Ninth Circuit found that whether or not the EAJA applies depends on the nature of the action in which attorneys' fees are sought, not the nature of the government official's conduct. Id. at 1107. The EAJA authorizes awarding attorneys' fees in civil actions brought by or against the United States. Plaintiff's action was not a civil action by or against the U.S.; it was a *Bivens* action against individual federal officers. Furthermore, while the officers acted under color of federal law when they executed a search warrant at plaintiff's residence, their liability under *Bivens* resulted from the fact that their actions exceeded their legal authority. Id. Thus, they were not acting within the scope of their official capacity as federal agents.

Kreines also argued that although her action was nominally against the federal agents individually, it was in reality against the United States because the U.S. Attorney defended the agents and the government paid the $14,000 judgment against them. Id. at 1109. The Ninth Circuit ruled that the fact the United States volunteered to pay the judgment did not transform plaintiff's suit from one against the agents individually into one against the government because it is neither legally obligated to defend its employees when they are sued in a *Bivens* action nor to pay any judgment against them. It does so solely as a matter of discretion.

The Ninth Circuit also rejected Kreine's arguments that the legislative history of the EAJA supported her position, that awarding attorneys' fees in *Bivens* actions could be justified on policy grounds because otherwise there would be no incentive to bring suit when the amount of money awarded is dwarfed by the amount of attorneys' fees the plaintiff must pay. Id. at 1108. The Ninth Circuit also rejected the argument that it was inequitable not to award fees in a federal a case, while fees may be awarded in parallel civil rights actions under 42 U.S.C. § 1983 which allows civil rights actions against officers acting under the color of state law. Id. at 1109.

Although the Ninth Circuit definitively held that EAJA does not provide a basis for the award of attorney fees, Ms. Shepherd may argue that Lauritzen v. Lehman, 736 F.2d 550 (9th Cir. 1984) provides the legal basis for an award of attorney fees. Not only does Lauritzen predate Kreines by ten years, it is also not on point because the Plaintiff in Lauritzen was an active duty military employee and she was barred from bringing a *Bivens* case against her commanding officers. 736 F.2d at 559 n.10. Plaintiffs may be confused by the fact that although the Court denied fees against the government under section 2412(b) of the EAJA, it remanded the case for consideration of whether fees where allowed under

2412(d)(1)(A)[1] of the EAJA. The Court was contemplating whether Section (d) provides that attorney fees shall be awarded to a party prevailing in a civil action against the government unless the court finds that the government's position was substantially justified or that special circumstances made the award unjust solely on the basis that the government's position was substantially justified . . . Section (d) fees were not going to be awarded for any claim against an individual, but rather for the claim against the Secretary based on its proposed termination of the Plaintiff. The court held the case in abeyance while the Plaintiff present her case before the Board for Correction of Naval Records (BCNR). 736 F.2d at 552. Because the Plaintiff prevailed before the BCNR, the court considered awarding fees. Of course, the case before the BCNR was against the Secretary.

It is virtually certain that today, the Plaintiff in <u>Lauritzen</u> would not receive fees under (d). Previously, courts would award fees if litigation was a catalyst for relief from the agency. In the District Court, the court ordered the Secretary to

---

[1] 28 U.S.C. § 2412(d)(1)(A) provides: "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses in addition to any costs awarded pursuant to [§ 2412(a) ], incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

allow the Plaintiff to present her employment issues before the BCNR, and she received relief. Thereafter, the District Court awarded her fees as the prevailing party in the case against the government and wrote:

> . . . [I]t is apparent that plaintiff Lauritzen was the 'prevailing party' in this action. Plaintiff's case on the merits was found strong enough by the Court to support the issuance of a preliminary injunction restraining her discharge. That relief, in turn, enabled her to seek administrative relief from the BCNR prior to her discharge and to retain her position with the Navy pending resolution of this matter. Furthermore, it is clear from the administrative record that the BCNR considered and gave appropriate weight to this Court's findings and conclusions in support of the preliminary injunction in reaching its decision to grant plaintiff the relief she sought. Since the judicial relief obtained by plaintiff was a material factor in bringing about the practical outcome realized in this case, plaintiff should be considered a prevailing party for purposes of 28 U.S.C. s 2412.

Lauritzen v. Secretary of the Navy, 546 F. Supp. 1221, 1226 (C.D. Ca 1992). Nine years later, in Buckhannon Board and Care Home, Inc., et. al. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, (2001), the Supreme Court indirectly halted the court's practice of awarding attorney fees under EAJA to Plaintiffs who had filed a civil case, but had actually obtained relief from the agency, and not from a court order. Buckhannon held that only "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an

award of attorney's fees.'" United States v. Campbell, 291 F 3d. 1169, 1172 (9th Cir. 2002) *citing* 553 U.S. at 604.  The Court in Campbell applied the policy of Buckhannon to a fee petition brought pursuant to EAJA.  291 F.3d at 1172.  Thus, under the new interpretation, the Plaintiff in Lauritzen would not receive fees under section (d) because she did not receive an enforceable court order.

Irregardless of the development of the law, at the end of the day, Lauritzen is not applicable because she did not petition for fees for prevailing on a *Bivens* claim.  Her case was against the government.  Therefore, this case is not similar to the case at hand.  Even the Court in Lauritzen specifically states that EAJA does not apply to *Bivens* precisely because it is not a case against the Government.  736 F.3d at 559 n.10.  ("More generally, EAJA only allows fees against the government in cases involving the government or its officials acting in their official capacity.   Because *Bivens* actions are against governmental employees in their individual capacities, *Holloman v. Watt,* 708 F.2d 1399, 1402 (9th Cir. 1983), EAJA does not authorize fee awards in such suits  . . .)."  There is no authority for an award of attorney fees to a prevailing party in a *Bivens* case.

## CONCLUSION

EAJA simply does not authorize awarding attorney fees to Shepherd.  The FTCA does not allow for a separate award of fees.  The United States asks for a ruling that there is no authority which allows Shepherd to petition for attorney fees from the United States.

Respectfully requested this 3rd day of October, 2006, in Anchorage, Alaska.

NELSON P. COHEN<br>
United States Attorney<br>
<br>
s/ Susan J. Lindquist<br>
Assistant U. S. Attorney<br>
222 West 7th Ave., #9, Rm. 253<br>
Anchorage, AK 99513-7567<br>
Phone: (907) 271-3378<br>
Fax: (907) 271-2344<br>
E-mail: susan.lindquist@usdoj.gov<br>
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2006,
a copy of the foregoing MOTION TO ESTABLISH
THE LAW REGARDING THE AVAILABILITY
 OF AN ATTORNEY FEE AWARD was served electronically on
Yale H. Metzger, and by U. S. Mail on:

LeRoy E.DeVeaux.
701 W. 41st Ave., Suite 201
Anchorage, AK 99503-6604

s/ Susan J. Lindquist