Yale H. Metzger
Alaska Bar No. 9512082
Law Offices of Yale H. Metzger
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone (907) 258-4110

LeRoy E. DeVeaux
DeVeaux & Associates, A.P.C.
Alaska Bar No. 7310040
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
Telephone (907) 565-2906

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>        Plaintiff,<br><br>v.<br><br>MILTON J. JAKEWAY, and<br>UNITED STATES OF AMERICA,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:01-cv-333 JKS<br>)<br>) |

**RESPONSE TO MOTION TO ESTABLISH THE LAW REGARDING
AVAILABILITY OF AWARD OF ATTORNEY FEES**

Elisha Shepherd, through her attorneys, responds, pursuant to the Court's order at Docket No. 172, to the Defendants' Motion to Establish the Law Regarding Availability of Attorney Fees. The Plaintiff is entitled to an award of attorney's fees at the conclusion of the trial in the captioned case pursuant to the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412 because the claims against the Defendant Milton Jakeway are against him in his both in his official capacity, following the certification by the United States that all of Milton Jakeway's conduct set forth in the Plaintiff's complaint was performed in the scope of his employment by the United States, and his individual capacity pursuant to <u>Bivens</u>.

1

## Background

The present case arose after U.S. Army Criminal Investigation Agent Milton Jakeway performed an unconstitutional search of the Plaintiff's property by viewing the contents of a video tape depicting the Plaintiff and her husband engaged in marital sexual relations. (Docket No. 170.) The Plaintiff originally filed the captioned case against Agent Jakeway only in his individual capacity pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The Plaintiff also asserted several state tort claims against Agent Jakeway in the same case by invoking the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

On January 16, 2002, the United States appeared in the present case and, pursuant to 28 U.S.C. § 2679, certified "Milton Jakeway [] was acting within the scope of his employment as an employees (sic) of the United States at the time of the allegations contained in the Plaintiff's complaint." (Docket No. 5.) The United States then represented to the Court:

> Section 6 of the Federal Employees Liability Reform and Tort Compensation Act provides that upon certification by the Attorney General that a federal employee was acting within the scope of his or her office or employment at the time of the incident out of which a state law claim arises, <u>any civil action arising out of the incident shall be deemed an action against the United States</u> (emphasis added), and the United States shall be substituted as sole defendant with respect to those claims. 28 U.S.C. § 2679(d)(1), and (2).

(Docket No. 6.)

Thereafter, the state tort claims against the United States were dismissed without prejudice because the Plaintiff had

failed to exhaust her administrative remedies against the United States as required by the Federal Tort Claims Act, 28 U.S.C. § 1346. (Docket No. 11.) In its order dismissing the state tort claims against the United States, the Court stated:

> The request for substitution at **Docket No. 6 is GRANTED.** The motion to dismiss Counts 2, 3 and 4 at **Docket No. 7 is GRANTED WITHOUT PREJUDICE** to refiling if the administrative claims are denied (provided the Court will only revisit the issues of vicarious liability if the claims are denied on the basis of timeliness, and not on the merits barring further action against the Government under the Federal Tort Claims Act). (Emphasis in original.)

(Docket No. 11.)

The certification by the United States that all of Milton Jakeway's conduct that was the subject of the Plaintiff's complaint was within the scope of his employment as an employee of the United States transformed the present case from a <u>Bivens</u> action to an action which was then both against Milton Jakeway in his official capacity as an employee of the United States and against Milton Jakeway in his individual capacity insofar as the Plaintiff asserted claims for which the United States had not waived its sovereign immunity (e.g. punitive damages).

## Discussion

The Equal Access to Justice Act, 28 U.S.C. § 2412 was enacted by Congress "to encourage lawyers to undertake litigation to vindicate the constitutional and statutory rights of those who could not otherwise afford to vindicate those rights." <u>Taucher v. Rainer</u>, 237 F.Supp. 2d 7, 15 (D.D.C. 2002). The Plaintiff is entitled to an award of attorney's fees pursuant to the EAJA. The argument by the United States that

3

the Plaintiff is not entitled to an award of attorney's fees in the present case is as flawed as (1) when the Defendants argued that Agent Jakeway's search was justified by exigent circumstances (Docket No. 27, p. 14), notwithstanding that Jakeway himself testified that no exigent circumstances existed (Docket No. 39, p. 7); and (2) when the United States argued that the Plaintiff's state law tort claims were barred by the doctrine of sovereign immunity (Docket No. 27, p. 22) after it had already admitted that "Congress waived sovereign immunity for certain tort actions against the United States by enacting the Federal Tort Claims Act ("FTCA")."  (Docket No. 7, p. 2.)

The Defendants' argument is essentially that Congress intended to create a form of attorney fee-shifting as an incentive for attorneys to vindicate violations of constitutional rights of those who cannot afford to hire an attorney -- but created a procedural framework wherein it is impossible for a party whose constitutional rights were violated by a Federal Government employee acting within the scope of his or her employment as a Federal Government employee to ever receive an award of attorney's fees. For the reason the foregoing makes no sense, the Defendants' arguments also make no sense.

28 U.S.C. § 2679 provides that the exclusive remedy for a tort claim against a person acting in the scope of his or her employment as a federal employee is a claim under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679 states:

> (a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims

4

which are cognizable under section 1346(b) of this section, and the remedies provided by this title in such cases shall be exclusive.

(b)(1) The remedy against the United States provided by section 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government **while acting within the scope of his office or employment is exclusive of any other civil action or proceeding** (emphasis added) for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government -
  (A) which is brought for a violation the Constitution of the United States, or
  (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

The Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2414 states:

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. **The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.** (Emphasis added.)

. . . .

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by a party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action,

brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

. . . .

(C) "United States" includes any agency and any official of the United States acting in his or her official capacity;

The Ninth Circuit, in <u>Kreines v. United States</u>, 33 F.3d 1105 (9th Cir. 1994), clarified when a law suit is an "official capacity" suit for the purpose of applying the EAJA:

> First, whether the EAJA applies or not depends on the nature of the civil action, not the nature of the government actor's conduct. The EAJA provides that fees shall be awarded "in any <u>civil action</u> (emphasis in original) . . . brought by or against the United States." § 2412(d)(1)(A) (emphasis added). Simply put, Kreines' action is not a civil action brought by or against the United States: it is an action against individual federal officers. Second, while the federal officers acted under color of federal law when executing the search warrant, they are liable under <u>Bivens</u> because their actions <u>exceeded the scope of their legal authority.</u> (Emphasis in original.) Thus, it cannot be said that the officers acted as agents of the United States, within their official capacity, when they violated Kreines' rights. In <u>Kentucky v. Graham</u>, the Supreme Court explained the difference between individual and official capacity suits:
>
> > Personal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.

<u>Id.</u> at 1107. <u>Kreines</u> is distinguishable from the present case because in <u>Kreines</u>, the United States never certified to the Court that the defendants were acting within the scope of their

6

employment as employees of the United States at the time of the allegations contained in the Plaintiff's complaint.

Additionally, cases claiming violation of constitutional rights do not "sound in tort" for the purpose of the exception to the EAJA at 28 U.S.C. § 2412(d)(1)(A). In <u>Lauritzen v. Lehman</u>, 736 F.2d 550, 557 (9th Cir. 1984), the Court recognized "Congress also specifically noted that [the fee-shifting provision in 28 U.S.C. § 2412(d)(1)(A)] would apply to 'constitutional torts.'"

> Wright & Miller § 3660.1 explained:
>
> Section 2412(a) of the Judicial Code authorizes the recovery of litigation costs against the United States or any agency thereof. (Footnote omitted.) Formerly, this section specifically excluded "the fees and expenses of attorneys" from any awards. (Footnote omitted.) As a result, a significant number of cases made it clear that any award of attorneys' fees had to be based on an express waiver - for example, by statutory provision (footnote omitted) - rather than an implied waiver of the government's sovereign immunity. (Footnote omitted.)
>
> However, effective October 1, 1981, Congress' enactment of the Equal Access to Justice Act (footnote omitted) amended Section 2412 to give the district judge discretion to award attorney's fees. Numerous court decisions illustrating the application of the statute by courts at all levels of the federal judiciary are set out in the note below. (footnote omitted.)
>
> The statute [EAJA] only applies in two contexts, however. First, the district court may award reasonable attorney's fees and expenses to the prevailing party in any civil action (footnote omitted) or adversary adjudication brought by or against the United states (footnote omitted) to the same extent that such awards may be made against private parties. (Footnote omitted.) The statute currently imposes a $125 per hour cap on attorney fees (footnote omitted), but the district court in its discretion may increase the fee above $125 if a cost-of-living increase or special factor warrants such deviation. (Footnote omitted.) Thus, the united States will be subject to the common law "bad faith," "common fund," and "common benefit" exceptions to the traditional American

rule denying an award of attorney's fees, (footnote omitted) as well as to any statutory exceptions, (footnote omitted) such as those found in the Civil Rights Act and the Omnibus Crime Control and Safe Streets Act.

Second, Section 2412 was amended once again in 1985. (Footnote omitted.) This time Congress acted to revive a lapsed statutory provision [28 U.S.C. § 2412(d) that allows the district court to award fees and other expenses to certain parties who have prevailed against the United States in non-tort civil actions.

The United States essentially transformed the Plaintiff's Bivens claim against Agent Jakeway into an "official-capacity" suit when the United States certified "Milton Jakeway [] was acting within the scope of his employment as an employees (sic) of the United States at the time of the allegations contained in the Plaintiff's complaint." (Docket No. 5.) At that point, 28 U.S.C. § 2679(d)(1), and (2) mandate that "any civil action arising out of the incident shall be deemed an action against the United States." Additional support for the fact that Agent Jakeway was acting in his official capacity is his assertion that his supervisor approved of his illegal search. (Docket 39, p. 3.) The Plaintiff's claim for violation of her right against unreasonable search and seizure under the Constitution of the United States is within "any action" as set forth above. As such, the Plaintiff now has claims against Agent Milton Jakeway in both his individual capacity and his official capacity. Claims against a person in both their individual and official capacities are not uncommon. The Ninth Circuit has recognized claims against government employees in both their individual and official capacities. Foster v. Tourtellotte, 704 F.2d 1109 (9th Cir. 1983).

Because the United States transformed the Plaintiff's <u>Bivens</u> action into both an official-capacity action and an individual action against Agent Jakeway, the EAJA at 28 U.S.C. § 2412(d)(1)(A) applies to the Plaintiff's federal constitutional claim. Additionally, attorney's fees remain available to the Plaintiff pursuant to 28 U.S.C. § 2412(b) insofar as she can establish that the United States litigated the claims in the captioned case in bad faith or some other common law exception to the American Rule.

### Conclusion

Based on the foregoing, The Plaintiff requests that the Court enter an order recognizing that once the quantum of her damages is established for her federal civil rights claim, she will be entitled to an award of attorney's fees pursuant to the provisions of the Equal Access to Justice Act at 28 U.S.C. § 2412.

DATED this 18TH day of October 2006 at Anchorage, Alaska.

The Law Offices of Yale H. Metzger
Attorney for the Plaintiff

Yale H. Metzger
101 E. 9th Ave., Suite 7
Anchorage, AK 99501
Phone: (907) 258-4110
Fax: (907) 277-1894
Email: yhmetzger@aol.com
Alaska Bar No. 9512082

DeVeaux & Associates
Attorney for the Plaintiff

_____
LeRoy E. (Gene) DeVeaux
701 West 41st Avenue, Suite 201
Anchorage, Alaska 99503
Telephone (907) 565-2906
Alaska Bar No. 7310040

A true and correct copy of the foregoing was served electronically to the following this 18th day of October 2006:

Susan Lindquist, Esq.
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, No. 9, Room 253
Anchorage, Alaska 99513-7567

_____
Yale H. Metzger