NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>               Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the UNITED STATES OF AMERICA,<br><br>               Defendants. | Case No. 3:01-cv-00333-JKS<br><br>**DEFENDANTS' REPLY TO THE RESPONSE IN OPPOSITION REGARDING THE MOTION TO ESTABLISH THE LAW REGARDING THE AVAILABILITY OF AN ATTORNEY FEE AWARD** |

Elisha Shepard ("Shepherd") argues that the United States transformed her complaint "from a Bivens action to an action which was then both against Milton Jakeway in his official capacity as an employee of the United States and against Milton Jakeway in his individual capacity insofar as the Plaintiff asserted claims

for which the United States has not waived sovereign immunity." Dkt. 174 at 2. She is incorrect.

The United States substituted itself in as the defendant for Counts II (Intentional infliction of emotional distress), III (Negligent infliction of emotional distress), and IV (Invasion of Privacy). [1] Milton Jakeway ("Jakeway") was no longer the Defendant in any capacity for those three counts. The United States did not substitute itself in for Count 1. Milton Jakeway, in his individual capacity, remained the defendant for that single count asserting a violation of Shepherd's constitutional rights. The statute giving the Court the power to hear Count II against the United States is only the Federal Tort Claims Act, and Shepherd acknowledged such in her Amended Complaint at ¶ 2. The statute giving the Court jurisdiction to hear the Bivens claim against Jakeway is 28 U.S.C. § 1331, federal question jurisdiction, and not 28 U.S.C. § 2201, declaratory judgment. See Amended Complaint at ¶ 1. Shepherd does not seek a declaratory judgment. Id. at Prayer for Relief. She seeks general damages, special damages , punitive damages and costs and attorney fees.

---

[1] Counts II and IV were subsequently dismissed. Dkt. 39 at 18-19.

Shepherd never disputes the fact that the Equal Access to Justice Act ("EAJA") does not apply to actions brought under the Federal Tort Claims Act ("FTCA").

Shepherd never disputes the fact that FTCA has its own attorney fee provision which indicates that fees are to be taken out of any award.

She only argues that EAJA allows her to seek attorney fees against the United States for prevailing on her <u>Bivens</u> claim.  Shepherd attempts to distinguish <u>Kreines</u>, by arguing that in that case, the United States never certified to the Court that the defendants were acting within the scope of their federal employment.  Dkt 174 at 6.  Shepherd provides no cite for that allegation.  We do know that Kreines initiated her case in state court against the United States and individuals and that it was removed to federal court.  <u>Kreines v. United States</u>, 812 F. Supp. 164, 165 (N.D. Ca 1992).  We do not know if the United States Attorney certified that some individually named defendants were acting within the scope of their employment, and removal was pursuant to 28 U.S.C. § 2679, the FTCA removal provision.  Irregardless, when a Plaintiff mistakenly files a tort claim against a federal employee acting in his official capacity, naming him as a defendant, the government is obliged to point out that the exclusive remedy for a tort claim

committed by a federal employee acting in his official capacity is a suit against the United States pursuant to the FTCA. Then the government will remove the action if it was filed in state court and substitute itself in. Shepherd's initial error of suing Jakeway in tort for an act committed while he was acting within the scope of his employment, does not make her claim different from the claim of another plaintiff who properly filed the tort claim against the United States in federal court pursuant to the FTCA in the first instance.

In this case, there was no proper tort claim filed against Jakeway in his official capacity because it's improper. The FTCA states that a plaintiff cannot proceed against the individual because a suit against the United States is the exclusive remedy for personal injury resulting from the negligent or wrongful act of any federal employee acting within his scope of his employment. 28 U.S.C. § 2679(b)(1). Certification is needed when plaintiffs err and improperly file a tort claim against the federal employee, instead of the United States, as is required by the FTCA. Therefore, Shepherd's attempt to distinguish her case from <u>Kreines</u> on the basis of the certification that may or may not have occurred in <u>Kreines</u>, but which did occur in this case is baseless. The United States did not transform Shepherd's <u>Bivens</u> claim into an official capacity suit when it certified that

Jakeway was acting within the scope of his employment at the time.  See Dkt. 174 at 8.  The United States corrected the error Shepherd made when she sued Jakeway, instead of the United States, for the torts alleged in Counts II, III, and IV only.  The United States did nothing to change the Count I claim of a violation of a constitutional right against Jakeway.

Shepherd argues that proof that Jakeway was acting in his official capacity was that he asked his supervisor for permission to view the tape.  Dkt. 174 at 8.  This argument does not promote Shepherd's goal of obtaining fees because if Jakeway was acting in his official capacity then there was no Constitutional violation and the entire lawsuit, including Count I, should have been brought under the FTCA against the United States.  Unfortunately, the United States did not prevail on the argument that Jakeway was doing his job, and the court found a constitutional violation.  Causes of actions for a constitutional violation can only be brought against individuals in Bivens,"because their actions *exceeded the scope of their legal authority.*"  Kreines v. U.S., 33 F.3d 1105, 1107 (9th Cir. 1994) *cert. denied* 513 U.S. 1148  (Emphasis original).  A plaintiff cannot have it both ways.  Thus, it cannot be said that officers act as agents of the United States, within their official capacity, when they violate constitutional rights.  See id.  Thus, Shepherd

is mistaken when she argues that she has "both an official capacity and an individual action against Agent Jakeway. . . . ." Dkt. 174 at 9.  She only has a claim of Count I against Jakeway in his official capacity.

The government's motion asked for a declaration about whether fees are available under EAJA in a <u>Bivens</u> case.  The motion did not argue the merits of the award because if fees are available, the government has the defense of substantial justification.  33 F3d at 1106 n.1, citing 28 U.S.C. § 2412(d)(1)(A).  Shepherd exceeds the scope of the motion when she states that if fees are available under EAJA "she will be entitled to an award of attorney fees. . . ." Dkt. 174.  The government's motion only addresses the same issue of law that was presented in <u>Kreines</u>, to wit, whether attorney's fees are available under § 2412(d)(1)(A) of the EAJA in a case where the Plaintiff prevailed on a <u>Bivens</u> claim.  <u>See</u> 33 F.3d at 1106.  The Ninth Circuit ruled that a Plaintiff did not have a right to attorney fees under EAJA after prevailing on a <u>Bivens</u> case.  This court should follow binding Ninth Circuit authority and rule that Shepherd has no right to fees under § 2412(d)(1)(A) of the EAJA.  Moreover, the government reiterates that fees under § 2412(b) are also not available in the <u>Bivens</u> case because the "EAJA provides that fees shall be awarded 'in any *civil action* . . . brought by or against the United States.' § 2412(d)(1)(A) (emphasis added)." 33 F.3d at 1107.  Like in <u>Kreines</u>,

Case No. 3:01-cv-00333-JKS                6

Shepherd's action against Jakeway is not a civil action brought by or against the United States: it is an action against an individual. See id. Therefore, none of EAJA's provisions apply to a Bivens case.

The government asks the Court to rule that there is no statutory authority for any award of attorney fees for a plaintiff who prevails on a Bivens action.

Respectfully requested this 23rd day of October, 2006.

>NELSON P. COHEN
>United States Attorney
>
>s/ Susan J. Lindquist
>Assistant U. S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-3378
>Fax: (907) 271-2344
>E-mail: susan.lindquist@usdoj.gov
>AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2006, a copy of the foregoing **DEFENDANTS' REPLY TO THE RESPONSE IN OPPOSITION REGARDING THE MOTION TO ESTABLISH THE LAW REGARDING THE AVAILABILITY OF AN ATTORNEY FEE AWARD** was served electronically on Yale H. Metzger, and by U. S. Mail on:

LeRoy E. DeVeaux.
701 W. 41st Ave., Suite 201
Anchorage, AK 99503-6604

s/ Susan J. Lindquist