IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>                Plaintiff,<br><br>  vs.<br><br>MILTON J. JAKEWAY and the UNITED STATES OF AMERICA,<br><br>                Defendants. | Case No. 3:01-cv-00333-JKS<br><br>O R D E R |

      The Defendants have moved to establish the law of the case regarding attorney fees. Docket No. 173. The motion is ripe.[1] *See* Docket Nos. 174 (Response); 176 (Reply).

      This case is currently set for trial by jury on two claims: Plaintiff's claim for intentional infliction of emotional distress against the United States, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346; and, Plaintiff's claim for damages against Milton Jakeway in his individual capacity for violation of her constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (*"Bivens"*). *See* Docket No. 170 (Order, August 24, 2006).

      Plaintiff represents that following the trial she will move for an award of attorney fees against the United States on the *Bivens* claim pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).[2] The relevant portion of the statute reads as follows:

---

[1] The Court notes that Plaintiff cross-moved for a rule of law regarding the availability of attorney fees. Docket No. 175. However, because it merely referred the Court to its response in opposition at Docket No. 174, it is of no substance. Defendants have responded. Docket No. 177.

[2] The motions refer only to attorney fees that may be awarded in the constitutional claim. Plaintiff does not suggest that attorney fees are available under the FTCA. It should also be noted that this Order only addresses the narrow issue of the availability of fees under the EAJA in a *Bivens* action. It would be premature for the Court to examine the merits of such an award, if any, before the case has even gone to trial. *See, e.g., Lauritzen v. Lehman*, 736 F.2d 550, 559 (9th Cir. 1984) (remanding denial of fee award under § 2412(d)(1)(A) for reconsideration based on all pre-trial and trial circumstances).

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by a party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Plaintiff reads the above statutory language to mean that she, as a prevailing party in the civil *Bivens* action brought against the United States, shall be awarded fees and expenses. Plaintiff supports this claim for fees with the government's certification at Docket No. 5, which states that Agent Jakeway "was acting within the scope of his employment as an employees [sic] of the United States at the time of the allegations contained in the Plaintiff's complaint." This certification, alleges Plaintiff, "transformed the present case from a Bivens action to an action which was then both against Milton Jakeway in his official capacity as an employee of the United States and against Milton Jakeway in his individual capacity . . . ." Docket No. 174 at 3.

      Defendants point out that the government certification submitted at Docket No. 5 is a procedural formality required by the FTCA before the government can defend tort claims brought against its employees. 28 U.S.C. § 2679(c), (d). Indeed, concurrent with certification, the government asked to be substituted for Milton Jakeway on Counts II, III, and IV of the complaint and to have the case caption amended to so reflect. Docket No. 6. The government expressly stated that it was not defending Jakeway in Count I (the *Bivens* action) of the complaint. *Id*. This, too, is consistent with the procedural requirements of the FTCA. 28 U.S.C. § 2676 (b)(2)(A) ("Paragraph (1) does not extend or apply to a civil action against an employee of the Government which is brought for a violation of the Constitution of the United States").

      The Court has already found Jakeway liable for damages under *Bivens*. By claiming that the certification at Docket No. 5 transformed the case into a simultaneous action against a federal agent and an official-capacity suit against the government, Plaintiff also believes she is entitled to recover her attorney fees from the government under the EAJA. While it may be true that the Ninth Circuit has recognized claims against government employees in both their individual and official capacities, the case cited by Plaintiff to support this proposition does nothing to lend support to the notion that attorney fees are available under the EAJA from the government on a successful *Bivens*

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2001\A01-0333.020.wpd

claim brought against a government employee. *Foster v. Tourtellotte*, 704 F.2d 1109 (9th Cir. 1983), involved a claim for violation of privacy under 42 U.S.C. § 1983, and the opinion dealt with the substantial justification exception prong of 28 U.S.C. § 2412(d)(1)(A). On the other hand, *Krienes v. United States* repeatedly states that the EAJA does not encompass *Bivens* actions. 33 F.3d 1105, 1106, 1107, 1108, 1109 (9th Cir. 1994).

In addition, Plaintiff's reasoning is contrary to the very purpose of a *Bivens* action. *Bivens* actions are intended to deter the bad actions of federal agents, not federal agencies. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 485 (1994). Individual actors, not the government, are liable for damages. *Id*. Accordingly, *Bivens* permits federal agents to be sued in their individual capacities, rather than their official capacities. *See, e.g., Kreines*, at 1109. Thus, *Bivens* actions are brought against individuals and not "against the United States," as required by the EAJA for recovery of fees and expenses. It is clear that the government is not liable for damages for claims brought against its employees under *Bivens* and, by extension, can not be held accountable for attorney fees if its employees are found liable under *Bivens*. *Cf., Lauritzen*, 736 F.3d at 559 n10 ("Because *Bivens* actions are against governmental employees in their individual capacities, [. . .] EAJA does not authorize fee awards in such suits.").

Therefore, Defendants' motion at **Docket No. 173** is **GRANTED**. Plaintiff's cross-motion at **Docket No. 175** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 7th day of November 2006.

                 /s/ James K. Singleton, Jr.
                 **JAMES K. SINGLETON, JR.**
                   United States District Judge