IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>            Plaintiff,<br><br>   vs.<br><br>MILTON J. JAKEWAY, and UNITED<br>STATES OF AMERICA<br><br>          Defendants. | Case No. 3:01-cv-00333-JKS<br><br><br>FINAL JURY INSTRUCTIONS |

## INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. Copies of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**INSTRUCTION NO. 2**

Elisha Shepherd brings two claims. First, she contends that Milton Jakeway violated her constitutional right to privacy by viewing a videotape he found in the bedroom of her home without first obtaining a warrant. The Court has determined that Jakeway's action in viewing the tape did violate Ms. Shepherd's rights on this claim. Your responsibility is limited to a determination of the damages, if any, Jakeway's action caused Shepherd. In other words, the damages resulting from Jakeway's action.

Ms. Shepherd's second claim is that Jakeway intentionally inflicted emotional distress upon her by viewing the videotape.

**INSTRUCTION NO. 3**

In order to find for the Plaintiff on her claim of intentional infliction of emotional distress, Plaintiff's must show by a preponderance of the evidence the following:

One: the conduct of Defendant was extreme and outrageous;

Two: Defendant's conduct was intentional or reckless;

Three: Plaintiff suffered emotional distress as a result of Defendant's conduct; and,

Four: Plaintiff's emotional distress was severe.

**INSTRUCTION NO. 4**

A person acts with intent if the person desires the results of the person's actions or believes the results are substantially certain to follow from those actions. A person's act may be intentional even though it is neither malicious nor produced by hostile feelings toward another person.

## INSTRUCTION NO. 5

A person acts "recklessly" with respect to a result or a circumstance when the person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

**INSTRUCTION NO. 6**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 7

It is the duty of the Court to instruct you about the measure of damages.

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant, that is, for any injury that was the legal result of the defendant's actions. You should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced;

The mental, physical, emotional pain and suffering experienced, and to a reasonable probability to be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and counseling services which with reasonable probability will be required in the future;

The reasonable value of necessary services other than medical required to the present time.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**INSTRUCTION NO. 8**

I will now define "legal cause" for you. A legal cause of harm is an act or failure to act that is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor in bringing about harm if it is more likely true than not true that:

    (1)     the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and,

    (2)     the harm would not have occurred but for the act or failure to act.

**INSTRUCTION NO. 9**

The law recognizes there may be more than one legal cause of harm.  Many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause harm.  In such a case, each may be a legal cause of harm.

**INSTRUCTION NO. 10**

A person who has a condition or disability at the time of an injury cannot recover damages for that condition or disability. However, she is entitled to recover damages for an aggravation of such pre-existing condition or disability if the aggravation is the legal result of the injury.

This is true even if the person's condition or disability made her more susceptible to the possibility of ill effects than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury. In other words, the law provides that a defendant takes the plaintiff as he finds her.

Where a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional damages caused by the aggravation.

### INSTRUCTION NO. 11

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**INSTRUCTION NO. 12**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

## INSTRUCTION NO. 13

If you find that the plaintiff suffered damages as a legal result of defendant's actions, or if you awarded her nominal damages, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**INSTRUCTION NO. 14**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

## INSTRUCTION NO. 14A

The court has admitted Exhibit P10 and Exhibit 2, as attached to Exhibit P4, which is the deposition of Michelle Shepherd. These exhibits depict photographs of a VHS tape with a label on it. The court admitted this evidence as illustrative of the testimony about the label. This photograph was taken sometime after March 2001.

A disputed fact in this case is whether the videotape that Mr. Jakeway and Mr. Wisel viewed on November 18, 2000, was labeled in the manner as depicted on the admitted exhibits. By admitting these exhibits, the court makes no determination that the label information depicted in the photographs was on the videotape that Mr. Jakeway viewed that morning. The jury is to determine the facts.

**INSTRUCTION NO. 15**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 16

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 17

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**INSTRUCTION NO. 18**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 19**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 20**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**INSTRUCTION NO. 21**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 22

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Dated this 1st day of December, 2006.

**REDACTED SIGNATURE**

**JAMES K. SINGLETON, JR.**
**UNITED STATES DISTRICT COURT**

## SUPPLEMENTAL JURY INSTRUCTION NO. 1

Instruction No. 5 defines recklessness as follows: A person acts "recklessly" with respect to a result or a circumstance when the person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk[1] must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

Instruction No. 13 provides in part that you may award punitive damages if you find that the defendant's conduct was in reckless disregard of the plaintiff's rights and then goes on to state that Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law.

You note that different words are used to describe recklessness and ask the court for a further explanation. Both definitions say essentially the same thing but address different interests. In the context of this case, to be found to have intentionally inflicted emotional distress on Elisha Shepherd, Milton Jakeway must meet all of the other elements in Instruction No. 5 and have either intended that she suffer severe emotional distress or, if the issue is recklessness, he must have known at the time that he viewed the videotape that there was a substantial and unjustifiable risk that a result of his viewing the videotape would be that Elisha Shepherd would learn of his action and as a result suffer extreme emotional distress and that under the circumstances given that knowledge that going ahead and viewing the videotape would constitute a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

Recklessness as a predicate for punitive damages has a similar meaning but in this case an expanded focus. For purposes of punitive damages the evidence in this case presents two separate risks: 1) that viewing the videotape would cause Elisha Shepherd severe emotional distress; and, 2) that viewing the videotape would violate Ms. Shepherd's rights (to privacy) under the federal constitution. Therefore, recognizing that there is more than one element that you must find in order to award punitive damages in this case (see Instruction No. 13 in full) and that the discussion of the mental state of recklessness in this supplemental instruction addresses only that element, in the context of this case, to be eligible for an award of punitive damages Milton Jakeway must either have known at the time that he viewed the videotape that there was a substantial and unjustifiable risk that Elisha Shepherd would suffer severe emotional distress as a result if he viewed the videotape and consciously disregarded that risk, which is the same issue as for intentional infliction of severe emotional distress, or as an alternative that Milton Jakeway

---

[1] In context the term "risk" has two components: first, the likelihood that a harm will follow, and second, the magnitude of the expected harm. For purposes of either infliction of severe emotional distress or punitive damages, both the magnitude of the harm to be expected and its likelihood must be substantial. Remember, mere negligence is insufficient for either punitive damages or intentional infliction of severe emotional distress.

knew at the time he viewed the videotape that there was a substantial and unjustifiable risk that his viewing the tape would violate Elisha Shepherd's rights to privacy under the federal constitution and he nevertheless consciously disregarded that risk and proceeded to view the videotape.