IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>    Plaintiff,<br><br> vs.<br><br>MILTON J. JAKEWAY and the UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 3:01-cv-00333-JKS<br><br>O R D E R |

  Plaintiff, Elisha Shepherd, renews her motion for judgment notwithstanding the verdict rendered by the jury, moves for a new trial, and makes her closing argument on her Federal Tort Claims Act claim, urging the Court to find Defendant, Milton J. Jakeway, liable to her for committing the tort of intentional infliction of emotional distress. Docket No. 200. The Government has responded. Docket No. 201.

### Introduction

  Plaintiff brought her Complaint to this Court after learning that military investigators who were lawfully in her home had viewed some portion of a videotape that contained images of Plaintiff and her husband engaged in sexual relations. Prior to trial, this Court upheld Plaintiff's claim that her Fourth Amendment right to be free from a warrantless search had been violated, and ruled that her measure of damages would be properly determined by a jury. *See* Docket Nos. 39; 170. In addition, this Court allowed Plaintiff's Federal Tort Claims Act to proceed, namely, whether, under Alaska law, the United States could be found liable for intentional infliction of emotional distress. Although a court-tried claim, this Court felt that resolution of one disputed fact—whether the videotape in question was visibly labeled—was essential to making a ruling.

Accordingly, the jury was also asked to make an advisory finding regarding whether or not the videotape was labeled, for the sole purpose of providing the Court with more information upon which to make a ruling on the tort claim.

Trial by jury was held in this case November 27, 2006 – December 4, 2006. At the close of the evidence, the Plaintiff moved for a directed verdict, which was denied. The jury found that Milton Jakeway's conduct in viewing the videotape did not cause Ms. Shepherd to suffer harm and awarded nominal damages. *See* Docket No. 191 (Special Verdict Form). Plaintiff then moved for a judgment notwithstanding the verdict (JNOV). The Court indicated that it would rule on such a motion when it ruled on the FTCA claim, and provided a briefing schedule for the remaining claims. The briefing is complete. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201, and jurisdiction over the tort claim pursuant to under the Federal Tort Claims Act, 28 U.S.C. § 2875, to render a verdict and will do so now.

**Judgment Notwithstanding the Verdict and Request for New Trial**

Plaintiff makes her renewed motion for a directed verdict on the causation issue under Fed. R. Civ. P. 50(c) and a motion for a new trial, in order to recover more than the nominal damages awarded in this case, under Fed. R. Civ. P. 59(a). In this case, liability was determined in favor of Plaintiff on her constitutional claim prior to trial and the issue of damages submitted to the jury. The jury found that the conduct of the Defendant was not the cause of her harm and awarded her nominal damages.

A renewed motion for judgment as a matter of law may be granted if the evidence, constructed in a light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *Gilbrook v. City of Westminster*, 177 F.3d 839, 864 (9th Cir. 1999). Plaintiff maintains that the jury's finding that Defendant was not the cause of her harm, including embarrassment and humiliation, was clearly erroneous and unreasonable. The Court disagrees. In context, actual damages in this case turned on whether Plaintiff's mental anguish was traceable to either Defendant's act, or contemporaneous problems with Plaintiff's husband. The jury was not obligated to accept Plaintiff's testimony or that of her mental health expert, and in light of all the evidence presented in this case, it was not unreasonable

ORDER

for the jury to find that Plaintiff's husband's threat of suicide so overshadowed the viewing of the videotape that Plaintiff failed to meet her burden of proving by a preponderance of the evidence that she suffered incremental mental injury.

The Motion for a JNOV and request for new trial are denied.

**Intentional Infliction of Emotional Distress Claim**

Under the Federal Tort Claims Act, liability in this case is determined by the law of the State of Alaska. In Alaska, intentional infliction of emotional distress ("IIED") requires a plaintiff to show 1) that the conduct of the defendant was extreme and outrageous, 2) the conduct was intentional or reckless, 3) the conduct causes emotional distress, and 4) that the distress was severe. *Wal-Mart, Inc. v. Stewart*, 990 P.2d 626, 635 (Alaska 1999); *see also Restatement (Second) of Torts* § 46(1) (1965) (stating that "severe" includes all highly unpleasant mental reactions). Before a claim for IIED can proceed to trial, the trial judge must make a threshold determination that the severity of the conduct and extent of the emotional distress warrant a claim. *Richardson v. Fairbanks N. Star Borough*, 705 P.2d 454, 456 (Alaska 1985). The Court made this determination in its Order at Docket No. 39.

Now, this Court must decide the facts relating to this claim and whether, as a matter of law, the Plaintiff has proven the elements of IIED by a preponderance of the evidence. To the extent that the jury made findings on this claim, those findings were purely advisory. This Court has listened to all the evidence presented and observed the demeanor of all the witnesses who appeared before it and, accordingly, makes the following findings of fact and conclusions of law.

1. The videotape in question was not labeled. Elisha Shepherd testified that the videotape was labeled. As did her sister, Michelle Shepherd, who testified that she had seen a label on the video a year or more before the incident in question when Plaintiff and her husband were moving their personal belongings before coming to Alaska. However, as to the night in question, November 18, 2000, three eyewitnesses testified that the videotape did not have a label: Agent Jakeway, Agent Birt, and Investigator Wisel.

2. Agent Milton Jakeway consulted with his superior officer, Agent Birt, before viewing the videotape.

ORDER

    3. The videotape in question contained recorded material other than sexual activities, including cartoons and pay-per-view commercials. Both the Plaintiff and Agent Wisel testified to this.

    4. The viewing of the videotape on the night of November 18, 2000/morning of November 19, 2000, lasted for only a few seconds.

    5. Agent Jakeway did not act with the intent to cause severe emotional distress.

    6. Agent Jakeway's act was not outrageous.

    7. Agent Jakeway's act was not reckless.

Based upon the above findings of facts and conclusions of law, this Court cannot say that the Plaintiff sustained her burden of proving all the necessary elements of IIED by a preponderance of the evidence. Therefore, the United States cannot be held liable for committing the tort of IIED.

**IT IS THEREFORE ORDERED**:

Plaintiff's request for Judgment Notwithstanding the Verdict and for a new trial at **Docket NO. 200** are **DENIED.** In addition, Defendants shall not be liable to Plaintiff on her claim of intentional infliction of emotional distress and the Clerk shall enter judgment accordingly.

Dated at Anchorage, Alaska, this 27th day of March 2007.

                                              /s/ James K. Singleton, Jr.
                                              **JAMES K. SINGLETON, JR.**
                                                United States District Judge