NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MILTON J. JAKEWAY and the UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | Case No. 3:01-cv-00333-JKS<br><br>**JAKEWAY'S RESPONSE IN OPPOSITION TO THE MOTION FOR AWARD OF ATTORNEY FEES** |

　　　　Milton Jakeway ("Jakeway"), through counsel, opposes Elisha Shepard's ("Shepherd") Motion for Award of Attorney Fees. Shepherd claims she is entitled to an award of attorney fees at the conclusion of the trial in the above captioned case based on the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Shepherd prevailed in her *Bivens* claims against Mr. Jakeway. However, she was

not a prevailing party on her claim for intentional infliction of emotional distress brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2678. Thus, Shepherd was only a prevailing party in her *Bivens* claim against Mr. Jakeway in his individual capacity.

This is a simple issue and one the Court has previously addressed. EAJA fees are not available to a plaintiff in a *Bivens* case. This Court previously held, "It is clear that the government is not liable for damages for claims brought against its employees under *Bivens* and, by extension, can not be held accountable for attorney fees if its employees are found liable under *Bivens*." Docket 178.

Shepherd asserts that the Court left open the issue of attorney fees pursuant to EAJA as evidenced in Footnote 2 of the Court's opinion. The footnote states:

> The motions refer only to attorney fees that may be awarded in the constitutional claim. Plaintiff does not suggest that attorney fees are available under the FTCA. It should also be noted that this Order only addresses the narrow issue of the availability of fees under the EAJA in a *Bivens* action. It would be premature for the Court to examine the merits of such an award, if any, before the case has even gone to trial. *See, e.g., Lauritzen v. Lehman*, 736 F.2d 550, 559 (9th Cir. 1984) (remanding denial of fee award under § 2412 (d)(1)(A) for reconsideration based on all pre-trial and trial circumstances).

Docket 178.

Shepherd misses the Court's meaning in the footnote. The Court did not leave open the issue of availability of attorney fees under EAJA in a *Bivens* action. In

fact, the Court specifically stated that the order only addresses the availability of EAJA fees in a *Bivens* action and not the merits of any award of EAJA fees. In other words, the Court's order at Docket 178 addresses the threshold issue of whether Shepherd could even apply for EAJA fees on the *Bivens* claim. The Court noted that it would be premature to examine the merits of any award of attorney fees under EAJA, indicating that the Court was not going to perform an analysis of the requirements for an award of fees under 28 U.S.C. § 2412.

The Court's meaning is made clearer when read in conjunction with the defense motion at Docket 173 and the Reply to Plaintiff's Opposition at Docket 176. The defense motion to establish the law of the case regarding attorney fees (Docket 173) asked for a ruling about whether fees are available under EAJA in a *Bivens* case. The motion did not argue the merits of the award because if fees were available to Shepherd, the government would still have the defense of substantial justification. Kreines v. United States, 33 F.3d 1105, 1106 n.1 (9th Cir. 1994) (citing 28 U.S.C. § 2412(d)(1)(A)). The defense motion only addressed the issue of law presented in Kreines, to wit, whether attorney's fees are available under § 2412(d)(1)(A) of the EAJA in a case where the Plaintiff prevailed solely on a *Bivens* claim. 33 F.3d at 1106. When read in that light, it is clear that the Court's

Order, did, in fact, address the issue raised by the defense, that is, the threshold matter of whether Shepherd could even apply for attorney fees under 28 U.S.C. § 2412, not the secondary issue of whether Shepherd could satisfy the requirements of the statute in order to justify an award of attorney fees. The Court addressed the simple issue before it, availability of attorney fees. The Court appropriately avoided the issue that was not yet ripe, the merits of any award.

Since the Court appropriately ruled that EAJA fees are not available to a prevailing party in a *Bivens* action, the merits of such a claim for attorney fees is moot. The Ninth Circuit has ruled that a Plaintiff did not have a right to attorney fees under EAJA after prevailing on a *Bivens* case. <u>Kreines v. United States</u>, 33 F.3d 1105 (9th Cir. 1994). This Court correctly followed binding Ninth Circuit authority and ruled that Shepherd has no right to fees under § 2412(d)(1)(A) of the EAJA. Based on its prior ruling, and because EAJA fees are only available against the United States, the Court should dismiss Shepherd's current motion for EAJA fees. <u>Kreines v. United States</u>, 33 F.3d 1105 (9th Cir. 1994) (28 U.S.C. § 2412(d) does not authorize award of EAJA fees when the defendant is an official sued in his individual capacity).

Additionally, Shepherd's arguments that the Court should award EAJA fees

based on the conduct of the defense and its alleged bad faith are without merit.[1]
Since 28 U.S.C. § 2412 only allows for attorney fees to prevailing parties in actions brought by or against the United States or any agency or any official of the United States acting in his or her official capacity, attorney fees in cases against an individual defendant are not available.  Thus, Shepherd's allegations of bad faith on the part of the defense, even if such claims were true, are of no help to her in her attempt to recover attorney fees based on EAJA on her *Bivens* claim against Mr. Jakeway.  She simply has no right to such fees.

As in our motion at Docket 173, the defense argues that fees under §2412(b) are also not available in the *Bivens* case because the "EAJA provides that fees shall be awarded 'in any *civil action* . . . brought by or against the United States." § 2412(d)(1)(A) (emphasis added)." 33 F.3d at 1107.  Like in Kreines, Shepherd's action against Jakeway is not a civil action brought by or against the United States: it is an action against individual federal officers.  See Id.  Therefore, none of EAJA's provisions apply to a *Bivens* case.

The government asks the Court to rule, once again, that there is no statutory

---

[1] Bad faith, as referenced in 28 U.S.C. § 2412, only relates to the issue of who pays the attorney fees.  "[I]f the basis for the award is a finding that the United States acted in bad faith, then the award shall be paid by any agency found to have acted in bad faith and shall be in addition to any relief provided in the judgment." 28 U.S.C. § 2412 (c)(2).  Still, § 2412 (c), as other subsections throughout the statute, requires a judgment against the United States or an official of the United States acting in his or her official capacity in order to trigger availability of attorney fees.

Shepherd v. Jakeway
Case No. 3:01-cv-00333-JKS                5

authority for any award of attorney fees for a plaintiff who prevails on a *Bivens* action and deny Shepherd's motion for award of attorney fees.

Respectfully submitted April 24, 2007, in Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
> s/ Susan J. Lindquist
> Assistant U. S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3378
> Fax: (907) 271-2344
> E-mail: susan.lindquist@usdoj.gov
> AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2007
a copy of the foregoing **JAKEWAY'S RESPONSE
IN OPPOSITION TO THE MOTION FOR AWARD
OF ATTORNEY FEES** was served electronically
on Yale H. Metzger, and by U. S. Mail on:

LeRoy E. DeVeaux.
701 W. 41st Ave., Suite 201
Anchorage, AK 99503-6604

s/ Susan J. Lindquist

Shepherd v. Jakeway
Case No. 3:01-cv-333-JKS                 6