IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELISHA SHEPHERD,<br><br>                Plaintiff,<br><br>  vs.<br><br>MILTON J. JAKEWAY, and UNITED STATES OF AMERICA<br><br>                Defendants. | Case No. 3:01-cv-00333 (JKS)<br><br>O R D E R |

      Elisha Shepherd moves for attorney fees against the United States under the Equal Access to Justice Act. *See e.g.*, 28 U.S.C. § 2412. Docket No. 206. The Motion is opposed. Docket No. 212. Shepherd has replied. Docket No. 214.

      Elisha Shepherd sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) and 2671, et seq., arguing that its employee, Milton Jakeway, intentionally caused her emotional distress by viewing a videotape that contained sexual relations between Shepherd and her husband. She separately sued Jakeway under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), contending that he violated her civil rights by unlawfully seizing and viewing the videotape.

      On the *Bivens* claim, the Court found in Shepherd's favor and granted summary judgment on liability. The remainder of the claim (damages) was submitted to a jury, who rejected claims of substantial and punitive damages and returned a verdict for nominal damages only. The Court heard the Federal Tort Claims Act claim, but recognized that the claim turned on the question of whether or not the tape was clearly labeled to show its sexual content. Because that material fact was in dispute, the Court asked the jury to make an advisory finding. The jury found that the tape

was not labeled. In exercising its independent judgment, this Court ultimately agreed with the jury's advisory finding. The Court concluded Shepherd had not proven by a preponderance of the evidence that either Jakeway knew the content of the tape at the time he began to view it, or that he failed to immediately cease viewing the tape when its content became clear; therefore, the Court concluded that Jakeway had not intentionally caused Shepherd mental suffering.

Given the jury's findings and the Court's independent conclusions, liability against the United States was not sustained.[1] It is in this context that Shepherd's claim for attorney fees must be considered.

The Ninth Circuit has squarely held that no right to attorney fees exists under 28 U.S.C. § 2412 in a *Bivens* action. *Kreines v. United States*, 33 F.3d 1105 (9th Cir. 1994). This follows from the fact that *Bivens* actions are against individual employees and, under the circumstances, the United States is not vicariously liable. A plaintiff may not predicate a federal tort claim on a constitutional tort. *See FDIC v. Meyer*, 510 U.S. 471 (1994). While Shepherd would have been entitled to fees if she had prevailed under the Federal Tort Claims Act and could show that the government had not litigated in good faith, she did not prevail. Absent prevailing party status, the government's litigation posture is irrelevant. Thus, there is no basis for an award.

Shepherd argues that even if she did not prevail she should nevertheless be entitled to fees on the theory that the United States litigated in bad faith, either during trial or during pre-trial proceedings. She relies upon *Lauritzen v. Lehman,* 736 F.2d 550 (9th Cir. 1984). Her reliance is

---

[1] Shepherd's case likely failed because her husband's conduct provided an alternate explanation for any post traumatic stress syndrome she exhibited. Had the civil rights violation occurred in isolation, the Court would have concluded that some shock and embarrassment would be suffered by any person whose private sexual relations were viewed by a stranger. Unfortunately for Shepherd, the viewing did not occur in isolation, but in the context of a highly dramatic threatened suicide attempt by her husband. The jury could reasonably believe that the suicide attempt plus the husband's efforts to cover it up to save his military career so occupied Shepherd's consciousness that the videotape incident made no real impression on her. In the absence of her husband's actions the Court might have considered additur or a new trial; however, given the testimony about his actions and Shepherd's responses, the Court was not prepared to hold that the jury's decision was against the weight of the evidence.

ORDER
F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK2001\A01-0333.024.wpd

misplaced. Lauritzen prevailed to the extent of obtaining a preliminary injunction. *Id.* at 552. Her merits case was only dismissed because while it was pending an administrative agency granted her all the relief she wished, rendering her court case moot. *Id*. The Ninth Circuit panel recognized that Lauritzen, having prevailed, could collect her attorney fees if she showed that the government's position either at trial or prior to trial was unjustified. *Id*. at 559. In addition, the court held she could recover her fees if a similarly situated prevailing party could recover fees at common law. *Id.* at 553. This is consistent with the American Rule, which generally denies fees to a prevailing party, except where the losing party had engaged in bad faith or vexatious conduct. Shepherd has cited no case, and this Court's independent research has found no case, where a losing party recovered fees based upon the litigation posture of the prevailing party in a jurisdiction following the American Rule.

**IT IS THEREFORE ORDERED:**

The motion for attorney fees at **Docket No. 206** is **DENIED**.

Dated at Anchorage, Alaska, this 10th day of May 2007.

                      /s/ James K. Singleton, Jr.
                      **JAMES K. SINGLETON, JR.**
                      United States District Judge